M. J. GILLAM v. M. F. DALE.

No. 13,642. (76 Pac. 861.)

SYLLABUS BY THE COURT.

1. LIFE INSURANCE — *Fraternal Beneficiary Associations — Beneficiaries Limited by Statute.* By section 1 of chapter 147, Laws of 1899 (Gen. Stat. 1901, § 3569), all fraternal beneficiary associations were erected into corporations, with a form of government prescribed. The act provides: "The payment of death benefits of such an association shall be to the families, heirs, blood-relatives, affianced husband or affianced wife of, or to persons dependent upon, the member thereof." *Held,* that persons other than those designated in the statute have no insurable interest in the life of a member and cannot be made beneficiaries or receive death benefits.

2. ——— *Unlawful Attempt to Avoid the Statute Limiting Beneficiaries.* Persons who may receive death benefits from fraternal beneficiary associations being restricted by law to designated classes, a person not included in such classes cannot

indirectly become a beneficiary by an agreement between the assured and one authorized by law to receive death benefits, in which the latter agreed to act as trustee for the person having no insurable interest.

Error from Marion district court; O. L. MOORE, judge. Opinion filed May 7, 1904. Affirmed.

*W. H. Carpenter*, for plaintiff in error.

*H. S. Martin*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: In 1897 May E. Renberger became a member of the Fraternal Aid Association. A benefit certificate, which was in effect a life-insurance policy, was issued to her by the society, for the sum of $2000, payable at death to Abraham Renberger and Arthur J. Renberger, her husband and son, respectively. In August, 1902, during her last illness, Mrs. Renberger, with the consent of the association, surrendered that certificate and there was issued to her another in its stead, both alike in all respects except that the beneficiaries named in the new certificate were Arthur J. Renberger, the son, to the amount of $1500, and M. F. Dale, a brother, to the amount of $500. She died in September, 1902. Soon after a controversy arose between the husband, who was named as a beneficiary in the first certificate, and the association respecting the right of the former to a portion of the insurance. The Fraternal Aid Association then commenced an action in the nature of a bill of interpleader, making the beneficiaries in both certificates parties, and praying that it might pay the amount of the insurance into court and be discharged from all further liability to any of the persons claiming a right to the fund. Its petition was allowed, and the sum of $2000,

the amount of its liability under the certificates, was paid into court.

Plaintiff in error, M. J. Gillam, filed an interplea in the case, and this controversy arose over the question whether it stated a cause of action. The material allegations were as follows :

"This interpleader alleges that May E. Renberger, who had said certificate issued, as alleged in petition, had been sick for a number of months, and that this interpleader, being at the time a practicing physician in the city of Florence, where the said May E. Renberger lived, at the instance and request of said May E. Renberger attended her during all the time that she was sick prior to her death, and that he had furnished medicines and care for said May E. Renberger during such time at her special request and instance. This interpleader further says that said May E. Renberger was specially interested in having this interpleader paid out of the fund named in said benefit certificate, which she had caused to be taken out as alleged in said petition ; that a month or six weeks prior to her death, knowing that she could not long survive, she, the said May E. Renberger, made an oral agreement or arrangement with the said M. F. Dale whereby it was agreed by and between the said M. F. Dale and said May E. Renberger that she was to have a new benefit certificate issued by said plaintiff, naming said defendant Dale as a beneficiary to the amount of $500, and that he was to accept said sum as trustee, and out of the same pay the interpleader's bill for medical attendance during the sickness of said May E. Renberger and also the funeral expenses of said May E. Renberger ; that said defendant, M. F. Dale, then and there orally agreed that if such change was made in the benefit certificate he would accept the same as trustee, and after the death of May E. Renberger, and out of the same, pay said funeral expenses and the amount coming to this interpleader for his medical attendance so given May E. Renberger as aforesaid. Wherefore this interpleader

says in truth and in fact said M. F. Dale is trustee for this interpleader, as far as the said beneficiary is concerned, to the amount due for for his said services and care, so rendered as aforesaid.''

In the prayer Gillam asked the court to order the sum of $187.40, the amount due him for medical services and attendance on the deceased, to be paid out of the benefit fund in the custody of the court. A demurrer was interposed to this interplea, for the reason that no cause of action or ground for relief was stated therein. The demurrer was sustained, and this ruling is before us for review.

Plaintiff in error claims a part of a fund arising from a benefit certificate issued after chapter 147, Laws of 1899 (Gen. Stat. 1901, § 3569), went into effect. This law erects all fraternal beneficiary associations into corporations, provides for their form of government, and requires that the payment of benefits shall be made ''from assessments, premiums or dues collected from its members, and interest accumulations thereon.'' The following is contained in the first section of the act :

''The payment of death benefits of such an association shall be to the families, heirs, blood-relatives, affianced husband or affianced wife of, or to persons dependent upon, the member thereof.''

It is provided that such associations shall be governed by the law quoted from and shall be exempt from the provisions of other insurance laws of the state. Persons who may receive death benefits from fraternal aid associations are designated in the statute and are restricted to specific classes. Creditors are not mentioned. It would contravene the public policy of the state, expressed in the law, to permit others than those designated to have an insurable interest in the life of a member.

In the case of *Britton v. Royal Arcanum*, 46 N. J. E.
102, 105, 18 Atl. 675, 676, 19 Am. St. Rep. 376,
Britton was a member of the Royal Arcanum, a mu-
tual benefit association.    He was insured for $3000,
and had one Brennan, a creditor not related to him,
named in the certificate as his beneficiary, to whom
the certificate was delivered.    The contract of insur-
ance was made in Massachusetts, where the statute
restricted the beneficiaries in such societies to "wid-
ows, orphans, or other relatives of deceased members,
or persons dependent upon deceased members."    The
action was brought by the mother of the deceased
against the Royal Arcanum to recover the amount of
the insurance.    Vice-chancellor Van Fleet said :

"Britton's attempt to make Brennan his beneficiary
must be treated as nugatory.    In another case involv-
ing the same question, I have said, in conformity to
what I understand to be the uniform course of de-
cision on this subject, that, where a corporation is
organized under a statute authorizing the formation
of corporations to accumulate a fund to be paid to the
widows and children of deceased members, the corpo-
ration can only pay the fund to the widows and
children of deceased members ; and if it should make
a promise to pay any part of it to any other person its
promise would be void.    Its promise would not only
be *ultra vires*, but in direct contravention of the pur-
pose of the statute from which it derived both its cor-
porate existence and power.    And a member of such
a corporation is equally powerless to divert from its
appointed channel that part of the fund of the corpo-
ration which becomes payable on his death.    (*Ameri-
can Legion of Honor v. Smith*, 18 Stew. Eq. 466.)    So
that I think it must be regarded as entirely clear that
Brennan has no right whatever to the sum in contro-
versy, nor to the certificate of membership issued to
Britton."

To the same effect see *American Legion of Honor v.*

*Smith*, 45 N. J. E. 466, 17 Atl. 770 ; *State, ex rel., v. Peoples &c. Association*, 42 Ohio St. 579 ; *Clarke v. Schwarzenberg*, 162 Mass. 98, 38 N. E. 17 ; *Skillings v. Massachusetts Benefit Association*, 146 id. 217, 15 N. E. 566 ; *American Legion of Honor v. Perry*, 140 id. 580, 5 N. E. 634.

Nor can a person having no insurable interest in the life of another obtain benefits under a policy issued to one having an insurable interest, in which the latter was a mere trustee for the former. An advantage cannot be obtained by indirection which would be denied if sought openly. (*Whitmore v. Sup. Lodge Knights and Ladies of Honor*, 100 Mo. 36, 13 S. W. 495.)

It is argued that the association, by paying the amount of the benefit certificate into court, waived the claim that plaintiff was not in the class of beneficiaries mentioned in the statute, which it might lawfully do. Whatever the rule may be where beneficiaries are designated in the constitution or by-laws of the society only, it is clearly beyond the power of benefit associations governed by the law of this state, and given corporate existence by such law, to pay out funds collected from its members to persons not within the classes designated in the statute.

The judgment of the court below will be affirmed.

All the Justices concurring.