JAMES H. BOICE v. R. C. SHEPARD *et al.*

No. 15,581. (96 Pac. 485.)

SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE—*Interest of Insured in Benefit Fund.* While the beneficiary named in the certificate of a member of a fraternal benefit society may be changed by the member, in accordance with the laws of the society, the insured has no interest in the fund derived from his membership, nor can such fund become a part of his estate or liable for his debts.

2. ——— *Act Disposing of Insurance Money Not Applicable.* Chapter 271 of the Laws of 1905 relates to insurance companies and ordinary insurance, and has no application to fraternal benefit societies or to the benefits resulting from membership in such societies.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed June 6, 1908. Affirmed.

*Edward E. Sapp, S. E. Cheeseman,* and *Allen & Allen,* for plaintiff in error.

*George A. Huron,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the National Council of the Knights and Ladies of Security to determine which of two claimants was entitled to receive the benefits due upon a certificate issued by the society upon the life of a member, Charles E. Shepard, now deceased. When Charles E. Shepard became a member of the society his wife, Mell B. Shepard, was named in the certificate as his sole beneficiary. On the first day of March, 1904, she died, and no other beneficiary was ever provided for in the certificate or otherwise designated. In August, 1906, while a resident of the state of Texas, Charles E. Shepard died intestate, leaving a father, three sisters and two brothers surviving him, but no children or direct heirs to inherit his property. In the following October the defendant, James H. Boice, was appointed by the probate court of Cherokee county as administrator of the estate of the deceased, and demand was made upon the plaintiff company for the payment of the benefits provided for in the certificate. R. C. Shepard, the father of the deceased, also entered a claim for the payment of the benefits. The plaintiff company paid into court the amount of the certificate, less a stipulated fee for the creation of a reserve fund, and asked for a judgment of the court decreeing which of the two claimants was entitled to the payment of the money. The court found in favor of R. C. Shepard, awarding him $960.42, and against the administrator, James H. Boice, who prosecutes this proceeding in error.

The case was rightly decided. It has already been determined that one holding a benefit certificate in a mutual society has no interest in the benefit, or fund, resulting from his membership, and that the fund can not become a part of his estate. (*Olmstead v. Benefit Society,* 37 Kan. 93, 14 Pac. 449.) The laws of the order and of the state provide who may be beneficiaries, and a person not within the class for whose benefit such societies are organized can not become a beneficiary. . (*Olmstead v. Benefit Society, supra; Pilcher v. Puckett,* 77 Kan. 284, 94 Pac. 132.) In the Puckett case Mr. Justice Porter said:

"It is inconsistent with the theory upon which benefit societies are organized that the proceeds of a benefit certificate should be considered assets of the member's estate. Otherwise, it would become liable for his debts and the costs of administration, something not within the contemplation and purpose for which such orders are established. The insured member himself has no interest in the fund; he possesses simply a power of appointment, which, if not exercised, becomes inoperative." (Page 288.)

The legislature made specific provision for fraternal beneficiary societies like the one in question, and provided that death benefits must go to families, heirs, blood relatives, affianced husband or wife of a member or a person dependent upon a member. (Gen. Stat. 1901, § 3569.) The laws of the society are in keeping with this provision, but the society could not, if it would, pay benefits to persons not within the class designated by the statute. (*Gillam v. Dale,* 69 Kan. 362, 76 Pac. 861.) But it is claimed that "An act relating to insurance," enacted in 1905, operates as a repeal of that statute and of the rules of the society affecting the naming or changing of beneficiaries. It provides:

"SECTION 1. That in all cases of the death of the beneficiary in any insurance policy before the death of the insured, and thereafter the insured dies without

Boice v. Shepard.

having named another beneficiary and without having disposed of said insurance by will, then said insurance shall go to the estate of the insured, the same as other property not exempt.

"SEC. 2. All acts and parts of acts in conflict herewith are hereby repealed." (Laws 1905, ch. 271.)

This statute manifestly relates to insurance proper and has no application to fraternal benefit societies. The legislature has placed insurance and mutual benefit societies in distinct classes, has provided different schemes for the organization and control of insurance companies and fraternal benefit societies, and has enacted separate codes of rules and regulations appropriate to the nature and purpose of each. The line between the systems has been not only clearly marked out but it is expressly provided that fraternal benefit societies shall be exempt from the provisions of other insurance laws. That the two plans are dissimilar in scope and purpose, and that the rules governing insurance are not applicable to mutual benefits, has been pointed out in earlier decisions. (*Bankers' Union v. Crawford,* 67 Kan. 449, 73 Pac. 79, 100 Am. St. Rep. 465; *Miller v. National Council,* 69 Kan. 234, 79 Pac. 830; *Gillam v. Dale,* 69 Kan. 362, 76 Pac. 861; *Kemper v. Modern Woodmen,* 70 Kan. 119, 78 Pac. 452; *Pilcher v. Puckett,* 77 Kan. 284, 94 Pac. 132.)

These distinctions, as well as the terms employed by the legislature, make it manifest that chapter 271 of the Laws of 1905 was not intended to apply to fraternal beneficiary societies. It speaks of insurance and not of mutual benefits; of insurance policies and not of benefit certificates. It treats insurance as something in which the insured has an interest and over which he has control, while a member of a beneficiary society has no interest in the fund and no control, except the power to appoint a beneficiary within certain limitations. It assumes that the insured may dispose of insurance by will, whereas a member of a beneficiary society has no such power over the benefits to be paid under his cer-

tificate. It provides that in case of the death of the insured the insurance may go into the estate of the deceased, while neither the benefit certificate nor the proceeds of it can ever go into the estate of a member. To apply the provisions of the act to fraternal beneficiary societies would contravene the policy of the state expressed in the statute respecting such societies as to the control and disposition of the funds and as to its most important purposes. Nothing in the language of the act indicates an intention to effect a change so radical or revolutionary. On the other hand, the statute governing beneficiary societies provides that not only the laws relating to insurance shall not apply to such societies but also that "no law hereafter passed shall apply to them unless they be expressly designated therein." (Gen. Stat. 1901, § 3569.) It is true, as contended by counsel for Boice, that one legislature may not, by an enactment, tie the hands of its successors and prevent the subsequent modification and repeal of a statute, but the provision referred to does not attempt to make the act irrepealable but only to declare a rule of interpretation. The legislature, having separated beneficiary societies from insurance companies and made special provisions for providing and paying benefits to members, simply declared that hereafter this distinction should be maintained, and that acts relating to insurance should not be understood as applicable to beneficiary societies unless they were expressly mentioned in the act. The act in question, instead of making express reference to beneficiary societies, uses language, as we have seen, appropriate only to insurance companies, and its provisions are not in harmony with the theory of beneficiary societies.

There is nothing substantial in the objections to the method of the society in coming into court and obtaining a decision as to who was entitled to the benefits under the certificate, nor do we find any error in the record. The judgment is affirmed.