THE MODERN WOODMEN OF AMERICA V. ROBERT L. COMEAUX.

No. 15,839.    (101 Pac. 1.)

SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE—*Beneficiaries*—"*Dependent.*" D. was an unmarried man, without living relatives. He held a benefit certificate for $1000 in the Modern Woodmen of America, of which order he was a member in good standing. He was sick and without a home. To secure a place where he could live and be cared for, he entered into an agreement with a neighbor who was keeping a hotel whereby it was agreed that the name of the hotel-keeper should be placed in the benefit certificate as beneficiary, and he should also have all the property then owned by D., in consideration of which D. during his lifetime was to have a home at the hotel as part of the hotel-keeper's family. In pursuance of this agreement the name of the hotel-keeper was inserted in the certificate as stipulated, being designated as a "dependent." D. made a will by which his property was bequeathed to the wife of the hotel-keeper, and he then went to the hotel to live, and remained there until his death, which occurred a few months afterward. *Held*, that the hotel-keeper was not a dependent upon D. within the meaning of the law relating to the fraternal associations, and had no valid claim against the order as a beneficiary.

2. ——— *Acceptance of Assessments* — *Beneficiaries* — *Waiver.* Where the name of a person who does not belong to the class which by the rules of the order and the statute regulating such associations is entitled to become a beneficiary. is inserted in a benefit certificate, such person has no right to receive any part of the benefit fund, and the acceptance of assessments paid, after his name has been so inserted, will not confer such right.

Error from Brown district court; WILLIAM I. STUART, judge. Opinion filed February 6, 1909. Reversed.

*Truman Plantz*, and *D. C. Tillotson*, for plaintiff in error.

*James Falloon*, and *John F. Kerrigan*, for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: On March 6, 1907, Robert L. Comeaux commenced this action in the district court of Brown county to recover the sum of $1000 upon a benefit certificate issued by the Modern Woodmen of America to Carl W. David, in which the plaintiff was named as beneficiary. There was no blood-relationship or family tie existing between Carl W. David and the plaintiff. The beneficiary was designated in the certificate as a "dependent."

The defendant claims that it is not liable to the plaintiff for the reason that he does not sustain the relationship toward the deceased which entitles him to be a beneficiary. The law of the order upon this subject, being section 41 of the by-laws, reads:

"SEC. 41. *Who may be beneficiaries.* Benefit certificates shall be made payable to the wife, surviving children, or some other persons specifically named in said benefit certificate as beneficiary, who are related to the member as heir, blood-relative, or person dependent upon him, or member of his family, whom the applicant shall designate in his application; provided, however, that no payment shall be made upon any benefit certificate to any person who does not bear such relationship as wife, surviving child, heir, blood-relative, or person dependent upon or member of the family of the member at the time of his death."

The statute of Illinois under which the defendant was organized in part reads:

"Payments of death benefits shall only be paid to the families, heirs, blood-relations, affianced husband or affianced wife of, or to persons dependent upon, the member." (Hurd's Rev. Stat. Ill. [1908] p. 1265.)

The statute of this state upon this subject reads:

"The payment of death benefits of such an association shall be to the families, heirs, blood-relatives, affianced husband or affianced wife of, or to persons dependent upon, the member thereof." (Gen. Stat. 1901, § 3569.)

Carl W. David was an unmarried man, and at the time of his death had no relatives then known to be living.   In November, 1890, he joined Morrill Camp No. 1500, Modern Woodmen of America, at Morrill, Brown county, Kansas, and received a benefit certificate in which his sister, Caroline Hesler, was named as beneficiary.   In 1896 his sister died.   In May, 1905, Carl W. David had the name of the beneficiary changed from Caroline Hesler to that of the plaintiff, Robert L. Comeaux.   To accomplish this he returned the certificate which he then held and requested in writing that one be issued in which Robert L. Comeaux be named as beneficiary.   Upon this request a new certificate was issued.   The request reads:

"I, Carl W. David, the neighbor to whom this certificate was issued, do hereby cancel and surrender this certificate, and order that a new one shall be issued, and that the benefit shall be of the amount of $1000, and shall be made payable to Robert L. Comeaux, who bears relationship to myself of dependent."

The law of the order relating to the changing of beneficiaries reads:

"SEC. 43.  *Change of beneficiaries.*  If a member in good standing at any time desires a change in his beneficiary or beneficiaries and to obtain a new certificate, he shall pay to the camp clerk a fee of 50 cents.   .   .   . Provided, further, that the new beneficiary or beneficiaries so named shall be within the description of beneficiaries so named in section 41 hereof.   No change in the designation of the beneficiaries shall be of binding force unless made in compliance with this section."

About the time this certificate was issued Carl W. David was in ill health and without a home.   For the purpose of securing a place to live where he would be cared for, he and the plaintiff agreed that he should give the plaintiff, who was then in the hotel business in the city of Morrill, the property then owned by him, and cause the benefit certificate to be reissued with the plaintiff's name inserted as beneficiary, and in consid-

eration therefor the plaintiff agreed to furnish David a home in, and as a part of, the plaintiff's family. In pursuance of this arrangement David made a will whereby he devised all of his property to the plaintiff's wife, Addie M. Comeaux, and caused the certificate to be issued as stipulated. Thereafter he made his home in the family of the plaintiff until his death, which occurred in September, 1905. Addie M. Comeaux was appointed executrix of the will, and duly qualified and entered upon the discharge of her duties as such. The association refused to pay the certificate to the plaintiff, and he commenced this action to recover thereon.

The defendant places its defense solely upon the proposition that the plaintiff is, by law and the rules of the order, prohibited from becoming a beneficiary, and this is the only question presented.

In determining the meaning of the word "dependent," as used in the benefit certificates issued by fraternal societies, the general object and controlling purpose of such organizations should be considered. Prominent among these objects is to provide a fund for the use and maintenance of the families of its deceased members. For the purpose of having the class of persons who may enjoy this benefit clearly defined—that the benefit may be broad enough to cover all persons in whose support and maintenance a deceased member would naturally be interested, and at the same time the class be so restricted that its beneficent purposes will be protected from abuse—the class has been limited by statute and the rules of the orders to include only the "families, heirs, blood-relatives, affianced husband or affianced wife of, or to persons dependent upon, the member." The word "dependent" is here used in such relation to the preceding words as to indicate that the character of dependence intended should, in a general sense, be similar to the dependence which usually exists between parent and child, husband and wife, or

such as obtains generally in the family relation. It has been held that, where there is no blood-relationship, the member to whom the benefit certificate is issued must be under some recognized obligation to support the beneficiary, and the beneficiary must be dependent upon such member for such maintenance. (*Gillam v. Dale,* 69 Kan. 362, 76 Pac. 861; *Boice v. Shepard,* 78 Kan. 308, 96 Pac. 485; *Murphy v. Nowak,* 223 Ill. 301, 79 N. E. 112, 7 L. R. A., n. s., 396; *McCarthy v. New Eng. Order of Protection,* 153 Mass. 314, 26 N. E. 866, 11 L. R. A. 144, 25 Am. St. Rep. 637.) In the last-named case it was said:

"Trivial or casual, or perhaps wholly charitable assistance, would not create a relation of dependency, within the meaning of the statute or by-laws. Something more is undoubtedly required. The beneficiary must be dependent upon the member in a material degree for support, or maintenance, or assistance, and the obligation on the part of the member to furnish it must, it would seem, rest upon some moral, or legal, or equitable grounds, and not upon the purely voluntary or charitable impulses or disposition of the member." (Page 318.)

In *Murphy v. Nowak,* 223 Ill. 301, 79 N. E. 112, 7 L. R. A., n. s., 396, it was said:

"A dependent, as the term is used in reference to these benevolent associations, is one who is sustained by another or relies for support upon the aid of another." (Page 307.)

(See, also, *Sup. Lodge, Knights of Honor v. Nairn,* 60 Mich. 44, 26 N. W. 826; *Alexander et al. v. Parker,* 144 Ill. 355, 33 N. E. 183, 19 L. R. A. 187.)

The plaintiff does not fall within the rule. He was in no degree a blood-relative of the deceased. They were not even close friends. Their relationship was wholly mercenary. They were bound together by no tie except that of an ordinary agreement for board and lodging. The deceased contracted for what he was to receive, and paid therefor the stipulated price. In this

arrangement he attempted to make himself the real beneficiary by using the fund for his own benefit. This he could not do. The fund did not belong to him, and the only control he had over it was to name a beneficiary therefor in accordance with the rules of the order. (*Boice v. Shepard,* 78 Kan. 308, 96 Pac. 485; *Olmstead v. Benefit Society,* 37 Kan. 93, 14 Pac. 449; *Pilcher v. Puckett,* 77 Kan. 284, 94 Pac. 132, 17 L. R. A., n. s., 1083; *Britton v. Royal Arcanum,* 46 N. J. Eq. 102, 18 Atl. 675, 19 Am. St. Rep. 376.)

The plaintiff claims that changing the name of the beneficiary, and the subsequent payment of assessments upon the benefit certificate, which were accepted by the association, created a presumption that the plaintiff was a proper person to be a beneficiary, and cast the burden of proof upon the defendant to prove otherwise if such was not the fact. He also insists that this being a question of fact, and the court having found that the plaintiff was a dependent, the question will not be reviewed by this court. The rule as to the burden of proof is usually unimportant after the evidence has been produced. The contested fact must be decided upon the testimony given, and it is not important by which party the evidence is presented. It is true that this court does not review conflicting testimony, but when the facts upon which a material question depends are undisputed the legal effect of such facts presents a question of law, which this court may properly determine. And such is the condition presented in this case. The undisputed evidence fails to establish, and does not even tend to show, that the plaintiff was dependent upon Carl W. David for anything. He was simply a hotel-keeper furnishing a home to the deceased for hire. The finding of the court upon this question is, in our view, without any evidence to sustain it.

The plaintiff further claims that the clerk of the local camp, to whom assessments were paid, knew the rela-

Railway Co. v. Hastings.

tions between plaintiff and the deceased, and that the receipt by him of the assessments after the change in the name of the beneficiary amounted to a waiver of the fact that plaintiff did not belong to the class of persons who could be made beneficiaries. There are many things that can be waived by an association of this character, but this is not one of them. The statute expressly and positively prohibits the payment of the benefit fund to any person who is not within the class designated as beneficiaries. This law can not be repealed by the conduct of the clerk of a local camp. In our view, the plaintiff was not dependent upon Carl W. David, and therefore he was not entitled to be named as a beneficiary; and the fact that his name was placed in the benefit certificate does not confer upon him any right to the fund.

The judgment of the district court is reversed, with direction to enter a judgment in favor of the defendant for costs.