No. 18,539.

CORA A. JOHNSON, *Appellant*, v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF KANSAS (BLANCHE JOHNSON et al., Minors, etc., *Appellees*).

SYLLABUS BY THE COURT.

FRATERNAL INSURANCE—*Wife as Beneficiary—Wife Divorced—Death of Assured—No Change in Beneficiary Designated.* An insurance policy for $2000, issued by a fraternal benefit association upon the life of a member, named his wife as the beneficiary. She obtained a decree of divorce from her husband and a judgment in her favor for $1500, which the decree of divorce provided should be a lien upon certain property owned by the husband. Six days after the divorce was granted the husband died without having designated another beneficiary. In an action by the former wife against his heirs to recover the proceeds of the policy, it is held:

(a) PLAINTIFF MUST BE DEPENDENT UPON MEMBER AT TIME OF DEATH. Under the by-laws of the association and by the express provisions of section 4303 of the General Statutes of 1909 the plaintiff would not be entitled to payment of the certificate unless she was dependent upon the member at the time of his death.

(b) SAME—*Burden of Proving Dependence on Plaintiff.* Whether the plaintiff in this case was dependent within the meaning of the by-laws and the provisions of the statutes depended upon facts, the burden of proving which rested upon her.

(c) DIVORCE—*Judgment for Alimony—When Payable from Benefit Certificate.* Notwithstanding the complete dissolution of the marriage relation by the decree of divorce, if it were

shown that by the death of her former husband the plaintiff was deprived of all means to enforce the collection of her judgment, she would be regarded as a dependent upon him to the extent of her interest in the judgment, and in 'that event she could maintain an action upon the policy to recover the amount of the judgment and costs—but no more. Any balance due upon the policy would, in that event, be payable to the heirs of the member.

(d) SAME. The fact alone that when the death of the former husband occurred her judgment had not been satisfied' would not make her a dependent upon him if his death did not prevent the collection of her judgment.

(e) DIVORCED WIFE NOT A DEPENDENT. Since every reasonable inference to be drawn from the record and from plaintiff's attitude in the court below, as well as here, compels the conclusion that there is nothing to prevent her from obtaining full satisfaction of her judgment, she is not a dependent upon her former husband, and therefore can not maintain the action.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed January 10, 1914. Affirmed.

*D. M. Dale,* and *S. B. Amidon,* both of Wichita, for the appellant.

*C. Angevine, J. K. Cubbison, William G. Holt,* all of Kansas City, *George Gardner,* and *Jean Madalene,* both of Wichita, for the appellees.

The opinion of the court was delivered by

PORTER, J.: In his lifetime, Charles A. Johnson was a member of the Ancient Order of United Workmen of Kansas, and held a beneficiary certificate in the order for the sum of $2000, payable at his death to Cora A. Johnson, who at the time the certificate was issued was his lawful wife. On the 10th day of January, 1910, Cora A. Johnson obtained a decree of divorce from him in the district court of Sedgwick county, and the decree was in full force and effect and unappealed from at the time of his death. He committed suicide on the

16th day of January, 1910. Thereafter, Cora A. Johnson brought this action to recover upon the certificate. The grand lodge paid the money into court, and upon its motion the heirs of Charles A. Johnson were made defendants. During his lifetime Charles A. Johnson made no change in the beneficiary; and the question in this controversy is whether the policy is payable to Cora A. Johnson, the person named as beneficiary, or to his heirs. The trial court found for the heirs, and the plaintiff appeals from the judgment.

The by-laws of the association issuing the certificate, contain the following provision:

"The beneficiary shall be named in the Beneficiary Certificate, and shall be confined to one or more of the family of the member, or some person or persons related to him by blood, or who shall be dependent upon him."

Section 4303 of the General Statutes of 1909, which controls fraternal beneficiary associations, reads:

"The payment of death benefits of such an association shall be to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon the member thereof."

It is the law in this state that no person, other than those designated in the statute, has an insurable interest in the life of the member of such an association, nor can any person outside the designated class be made a beneficiary or receive death benefits. (*Gillam v. Dale,* 69 Kan. 362, 76 Pac. 861; *Boice v. Shepard,* 78 Kan. 308, 96 Pac. 485.)

To the same effect is *Murphy v. Nowak,* 223 Ill. 301, 79 N. E. 112.

It is likewise settled law in this state that upon the rendition of a decree of divorce, complete dissolution of the marriage relation immediately follows. (*Durland v. Durland,* 67 Kan. 734, 74 Pac. 274; *Phillips v. Phillips,* 69 Kan. 324, 76 Pac. 842; *Woolverton v.*

*Johnson,* 69 Kan. 708, 713, 77 Pac. 559; *Jacobs v. Gaskill,* 69 Kan. 872, 77 Pac. 550.)

In *Durland v. Durland,* supra, it was said:

"Upon the rendition of a decree of divorce the relation of husband and wife no longer exists between the parties to the suit, and if one of them should die within six months following the date of the decree the survivor would take no share of the property of the deceased under the statute of descents and distributions, by virtue of the former relationship." (Syl. ¶ 3.)

In *Modern Woodmen v. Comeaux,* 79 Kan. 493, 101 Pac. 1, the court had occasion to construe the meaning of the word "dependent" as used in the by-laws of similar associations and as employed in the statute *supra.* In the opinion it was said:

"The word 'dependent' is here used in such relation to the preceding words as to indicate that the character of dependence intended should, in a general sense, be similar to the dependence which usually exists between parent and child, husband and wife, or such as obtains generally in the family relation." (p. 496.)

The opinion also quoted (p. 497) with approval from *McCarthy v. New Eng. Order of Protection,* 153 Mass. 314, 26 N. E. 866, 11 L. R. A. 144, 25 Am. St. Rep. 637, as follows:

"The beneficiary must be dependent upon the member in a material degree for support, or maintenance, or assistance, and the obligation on the part of the member to furnish it must, it would seem, rest upon some moral, or legal, or equitable grounds, and not upon the purely voluntary or charitable impulses or disposition of the member." (p. 318.)

The whole case turns, in our opinion, upon whether Cora A. Johnson was a dependent of Charles A. Johnson at the time of his death. On January 10, when the divorce was granted, the court gave the plaintiff a judgment against Charles A. Johnson for $1500, and the same was charged as a lien upon the property of the defendant. In her petition she alleged that he was

the owner of certain personal property, the joint accumulations of herself and the defendant during their marriage, and that this property consisted of 45 head of cattle, 9 mules, 3 horses, farm implements, and about 1200 bushels of .corn. The petition described the land upon which this property was located. A temporary restraining order was granted in the action for .divorce which restrained the husband from selling or disposing of any of the property until the further order of the court; and the final decree gave her a lien upon the property for the satisfaction of her judgment. The day following the granting of the divorce she sued out a general execution .to recover the judgment and costs, and the sheriff on the same day levied the execution upon and took into his possession the same personal property. The return shows that six days later, by order of plaintiff's attorney, the sheriff delivered the property to the administrator of the estate of Charles A. Johnson, deceased.

It is the contention of the defendants that under the statute relating to benefit associations (§ 4303, *supra*), and the foregoing decisions of this court, the moment the divorce was granted Cora A. Johnson was no longer a dependent of Charles A. Johnson; and that she became from that time merely a judgment creditor with a lien upon his property fixed by the express terms of the decree of divorce. The court is of the. opinion that by reason of the peculiar character of the judgment in her favor she was more than a mere judgment creditor. The claim upon which she was granted the relief had its origin in the obligations which arose out of the marital relation. True, the claim for future support and maintenance was merged in the judgment; but after the divorce and until the judgment was satisfied, the former husband, so long as he lived, was under an obligation to provide for her support and maintenance by paying the judgment. The obligation could only be discharged by satisfaction of the judgment. In

*Johnson v. Johnson,* 57 Kan. 343, 46 Pac. 700, the court had under consideration the question of the character of an allowance made to a divorced wife. It was said in the opinion:

"The foundation for its allowance is the duty of the husband to provide for the wife's support; and where a divorce or separation occurs because of his fault, the duty of providing for her maintenance continues, and the court by an allowance of alimony compels its performance. A division of the property of the parties is an essentially different thing." (p. 348.)

If there had been a division of the property, the former wife could not be said to be in any sense dependent for support or maintenance upon the former husband; because in that case the decree would have relieved the husband of any further obligation in this respect, and the wife would have been obliged to look for support and maintenance to her share of the division of the property. The decree, as we have seen, did not provide for what might be termed a division of the property, but gave to Cora A. Johnson a judgment for a specific amount which was made a lien upon the personal property of the former husband.

If, therefore, it were in good faith claimed, or if it appeared from the record, that by the death of her former husband the plaintiff was deprived of the means to enforce the collection of her judgment, we would have no hesitation in holding that when his death occurred she was a dependent upon him within the meaning of that term as used in the by-laws of the order and the statutes referred to; and that she could in that event have maintained this action for the purpose of recovering the amount of her judgment and costs; but no more. Any balance due upon the policy would, in our opinion, be payable to the heirs of the member.

It is as plain as the noonday sun, however, that this is not the theory upon which the plaintiff seeks to recover. Since she was no longer the wife of Charles

A. Johnson, the question whether she was dependent upon him within the meaning of the by-laws. of the order and the statute referred to became a question that depended upon facts, and the burden rested upon her to establish them. Instead of taking up this burden, she adopted an entirely different theory. She merely showed the judgment and the fact that when Charles A. Johnson died the judgment had not been paid. Upon the trial of the case she was a witness, and on cross-examination was asked whether or not she had filed a claim in the probate court against the estate of her former husband. She was also asked if she had ever received the $1500. Both questions were objected to by her counsel, and the court sustained the objections upon the ground that the questions were incompetent, irrelevant and immaterial.

While the record does not affirmatively show whether the plaintiff has in fact collected the judgment, every reasonable inference to be drawn from the entire record is that she has refrained from attempting to collect it and is seeking to recover the full amount of the policy. No argument is made in the briefs of plaintiff to the effect that she bears the relation of a dependent because of her inability to collect the judgment. On the contrary, counsel stand upon the position taken in the court below, that all that was necessary to make her a dependent was a showing that when Charles A. Johnson's death occurred the judgment had not been satisfied, and that this fact alone made her a dependent upon the former husband without regard to whether or not her judgment was amply secured. We can not agree to this contention. If it were shown or claimed that there was no way in which her judgment could be satisfied, we think she would be a dependent to the extent of her interest in the judgment, and in that event she could maintain an action upon the policy to recover the amount of the judgment and interest thereon. But there is no showing of her inability to

Johnson v. United Workmen.

realize upon her judgment; nor is that the contention. Every effort to inquire into that matter upon the trial was resisted by the plaintiff. In our view of the case that was one of the most material facts necessary for the plaintiff to establish; and the questions asked of her on cross-examination were entirely proper. There is, however, no cross-appeal nor any claim that the court erred in the ruling made. As observed, every reasonable inference to be drawn from the record and from the attitude of plaintiff's counsel in the court below, as well as here, compels the conclusion that there is nothing to prevent the plaintiff from obtaining full satisfaction of her judgment, if in fact she has not already done so.

In *Filley v. Insurance Co.*, ante, p. 220, the right of a divorced wife to recover upon a policy of insurance, naming her as the beneficiary, in upheld; the distinction between that case and this resting wholly upon the statute (Gen. Stat. 1909, § 4303) which controls in the case of beneficiary associations, and which has no force or effect upon ordinary life insurance policies. Decisions from other courts are cited by the plaintiff, but without examination of the authorities we assume that they were not controlled by an express statute. If the cases cited were decided upon any theory that a statutory provision such as we have is not controlling upon the courts, we should decline to follow them.

We conclude, therefore, that the plaintiff is not a dependent upon the former husband within the meaning of the by-laws of the order and the statutes.

The judgment will be affirmed.