No. 19,510.

MASON H. KIRK, *Appellee,* v. THE FRATERNAL AID
ASSOCIATION, *Appellant.*

SYLLABUS BY THE COURT.

1. FRATERNAL AID ASSOCIATION—*Terms of Certificate—Modified by Subsequent Statutes and Subsequent By-laws of Association.* A fraternal aid association, under a charter granted in 1894 authorizing it to bestow substantial aid upon totally disabled members, and under section 4303 of the General Statutes of 1909, is not authorized to issue a certificate providing for the payment of a specified sum to the holder thereof upon his reaching the age of seventy years, without regard to whether or not there is any disability, and if such

a certificate was issued it can not now be enforced against the association.

2. SAME—*Authority of Association to Change Benefits.* Where the holder of a beneficiary certificate in a fraternal aid association agrees in his application for membership that his contract shall be governed and controlled by all the orders, rules and regulations of the order then in force or that thereafter may be enacted by the general council of the association, or to submit to all the penalties therein contained, and that the application shall become a part of the contract, the association has authority to change the benefits to accrue under the certificate so as to make them conform to the charter of the association and the laws of the state.

Appeal from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed June 12, 1915. Reversed.

*George R. Allen,* of Kansas City, and *Ed. T. Hackney,* of Wellington, for the appellant.

*W. W. Schwinn,* of Wellington, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to compel payment of one-half of a beneficiary certificate in a fraternal beneficiary association. Judgment was for the plaintiff. The defendant appeals.

The defendant association was incorporated in 1894. Prior to that time, it existed as a voluntary association of individuals. The plaintiff became a member of the association and the holder of a certificate therein, in March, 1893. The certificate provides:

"That Mason H. Kirk, . . . is entitled to participate in the Benefit Fund . . ., subject to all the conditions on the back hereof, the statements made in his application, . . ., and all the provisions contained in the fundamental laws of the General Council, and is liable to forfeiture if said member shall not comply with said conditions and fundamental laws, and with such by-laws as are or may be adopted by the General Council or by the local Council of which he is a member."

The condition material to this case is:

"If the member holding this Certificate . . . attains the age of Seventy years, . . . he shall be entitled to receive one-half the amount which would have accrued in the event of his death. . . . At the expiration of five years from the date of total disability the holder of this Certificate, . . . will be entitled to receive, . . . one-half of the amount which would have accrued to his Beneficiaries in case of his death at said date, provided said total disability still exists."

The material parts of the plaintiff's application for membership in the association are as follows:

"I hereby agree . . . that I will be governed, and this contract shall be controlled by all the laws, rules and regulations of the Order now in force, or that may hereafter be enacted by the General Council of The Fraternal Aid Association, or submit to the penalties therein contained. . . . I further agree that this application shall become a part of the contract between me and The Fraternal Aid Association."

The charter powers of the defendant association are as follows:

"1. To promote fraternal regard among all white persons of sound bodily health and good moral character, who are socially acceptable and between the ages of eighteen and fifty-five years. 2. To bestow substantial aid upon totally disabled members, and the widows, orphans, heirs and devisees of deceased members. 3. To care for sick and distressed members. 4. To provide for weekly indemnity for members disabled by accident and provide for substantial benefits for widows, orphans, heirs and devisees of members whose deaths result from accidental causes."

In 1898 the defendant modified its laws, and provided that any member of the association who attains the age of seventy years and who is physically disabled, may, at his election, be paid ten per cent of the amount of his certificate annually for ten years, or be paid one-half the amount of the certificate in a lump sum. The plaintiff sought to recover on the certificate as issued.

The defendant offered to pay under the laws of the association as they now exist. Judgment was rendered on a demurrer to the answer.

The defendant contends, (first) that the contract sued upon was and is *ultra vires,* wholly void and unenforceable for lack of corporate capacity to assume or make an agreement for endowment insurance; and that even if the contract for endowment insurance was valid and binding prior to March 1, 1898, it then became wholly void, unenforceable and illegal because in contravention of the express statute law of the state; (second) that the act of the association in striking out the endowment clause in its outstanding certificates was clearly within the reserved power of the society, reasonable in its nature and absolutely necessary to be made to preserve its existence and enable it to carry out its lawful promises to its members.

(1) Was the contract *ultra vires* the corporation? The charter gives power to bestow substantial aid upon totally disabled members. The contract provides that if the member holding the certificate is in good standing as a beneficiary member of the Fraternal Aid Association and attains the age of seventy years he shall be entitled to receive, etc. Nothing is said in the certificate about the holder being totally disabled. Is it presumed that a holder of one of these certificates is totally disabled when he reaches the age of seventy years? Some persons at seventy are vigorous. Most of them are able to perform a part of the work to which they have been accustomed during their lives. Some are totally disabled. It does not necessarily follow that because one has reached the age of seventy years he is totally disabled. The charter provides for the bestowal of substantial aid upon totally disabled members, not upon members who attain the age of seventy years. The provision of the contract providing that if the member attains the age of seventy years he shall be entitled to receive certain payments therein

set forth is outside the powers conferred by the charter. (*Southern Mutual Aid Association et al. v. Boyd et al.,* 145 Ala. 167, 41 South. 164; *Rockhold v. Canton Masonic Mutual Benevolent Association,* 129 Ill. 440, 21 N. E. 794, 2 L. R. A. 420; *McCartney v. Supreme Tent K. of the M.,* 132 Ill. App. 15; *Dunkley and Another v. Harrison,* 56 Law Times, Rep., n. s., [Eng.] 660, 51 Justice of the Peace, 788.)

The statutes of this state provide that fraternal beneficiary associations shall make provision for the payment of benefits in case of death, and may make provision for the payment of benefits in case of sickness, temporary or permanent disability, either as a result of disease, accident or old age: Provided, that the period of life at which payment of physical-disability benefits on account of old age commences shall not be under seventy years. (Gen. Stat. 1909, § 4303.) This statute does not in terms permit the payment of any sum to the holder of a certificate upon his reaching the age of seventy years. In addition to reaching that age, he must be either temporarily or permanently disabled, by reason of his age. The certificates issued by the association must be those authorized by the statute, or they can not be enforced. The certificate issued by the defendant in this case provides for payment upon the holder's attaining the age of seventy years, without regard to disability. The statute does not authorize this payment. (*Walker v. Commissioner of Insurance,* 103 Mich. 344, 61 N. W. 512; *Calkins v. Bump,* 120 Mich. 335, 343, 79 N. W. 491; *State ex rel. Supreme Lodge v. Orear,* 144 Mo. 157, 45 S. W. 1081; *State ex rel. v. Vandiver,* 213 Mo. 187, 111 S. W. 911.) Bearing on and closely related to the question under discussion are: *Gillam v. Dale,* 69 Kan. 362, 76 Pac. 861; *Pilcher v. Puckett,* 77 Kan. 284, 94 Pac. 132; *Boice v. Shepard,* 78 Kan. 308, 96 Pac. 485; *Modern Woodmen v. Comeaux,* 79 Kan. 493, 101 Pac. 1; *Johnson v. United Workmen,* 91 Kan. 314, 137 Pac. 1190.)

It is argued that the association is estopped to deny the validity of this one condition of the certificate sued on.. The certificate was issued by a voluntary association and was valid at the time it was issued, February 6, 1893. February 17, 1894, the association voluntarily incorporated, and under its charter it did not have authority to issue this certificate. Later still, chapter 23 of the Laws of 1898 was enacted. (See Gen. Stat. 1909, §§ 4303-4318.) This statute does not authorize the association to contract the obligation contained in the certificate sued on. After the passage of this act, the association amended its by-law governing this certificate so as to make its beneficiaries correspond to those named in the act. Of this amendment the plaintiff was fully notified and advised. He continued to pay his assessments. He had valuable rights under his certificate and the by-laws as amended. These rights still exist. He consented to the change in the by-laws when he signed his application for membership in the association. Under these circumstances, we do not think the defendant is estopped to urge the invalidity of this portion of this certificate.

(2) There remains one further question for discussion—the right of the association to amend its by-laws governing its old-age liability. We must again call attention to the right reserved in the certificate and to the consent given in the application to change the by-laws. Under *Miller v. National Council,* 69 Kan. 234, 76 Pac. 830, *Maccabees v. Nelson,* 77 Kan. 629, 95 Pac. 1052, and *Moore v. Annuity Association,* ante, 591; 148 Pac. 981, the defendant had authority to change its by-laws, thereby changing the benefits to accrue to the plaintiff under his certificate. Especially is this true where the changes are made so as to make the by-laws correspond with the laws of the state in regard to beneficiaries.

The defendant argues that this case is controlled by *Hart v. Annuity Assoc.,* 86 Kan. 318, 120 Pac. 363, and not by *Miller v. National Council,* supra. In *Hart v.*

*Annuity Assoc.,* supra, the certificate had been fully paid up before there was any change in the by-laws governing that certificate. In the present case, the change in the by-laws governing the certificate was made fourteen years before the beneficiary became seventy years of age.

The judgment is reversed. The demurrer should be overruled, and the cause proceeded with as herein indicated.