No. 20,382.

THE STATE OF KANSAS, ex rel. S. M. BREWSTER, as Attorney-general, etc., *Appellee*, v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF THE STATE OF KANSAS et al., *Appellants*.

SYLLABUS BY THE COURT.

FRATERNAL INSURANCE—*United Workmen—Certificate Holder Seventy-five Years Old—Certificate Must be Paid in Full at Death.* Under section 4303 of the General Statutes of 1909, a fraternal beneficiary association can not discharge its obligation to a member who has reached the age of seventy-five years and is in needy circumstances, except by paying on the death of the member the amount provided in the certificate, although the association adopts a by-law authorizing such settlement of its obligation.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed March 11, 1916. Affirmed.

*H. P. Farrelly*, and *T. R. Evans*, both of Chanute, for the appellants.

*S. M. Brewster*, attorney-general, and *John H. Crider*, of Fort Scott, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff seeks to enjoin the defendant from proceeding under a by-law adopted by it. The plaintiff recovered judgment and the defendant appeals.

The defendant, The Grand Lodge of the Ancient Order of United Workmen, is a fraternal beneficiary association organized under the laws of this state for the following purposes: ·

"The purpose for which this corporation is formed shall be the mutual benefit of the members of the Ancient Order of United Workmen of the State of Kansas, and for the purpose of insuring the lives of the members of that order in accordance with the rules and regulations thereof."

The Ancient Order of United Workmen has been doing business in this state for a number of years. In March, 1915, it adopted a by-law, which in part is:

"SEC. 1. That any member of the Ancient Order of United Workmen of Kansas, that is in good standing and has attained the age of seventy-five years, may have a settlement with the Grand Lodge upon his insurance contract and certificate, by and with the consent of the Grand Lodge officers as herein provided, and by and with the consent of his beneficiary or beneficiaries, under the conditions and according to the provisions of this act and not otherwise.

"SEC. 2. Any such member who shall have attained the age of seventy-five years and is in needy circumstances, may be paid in such settlement such sum of money, not exceeding the amount such member may have paid into the beneficiary fund on the amount or face of his certificate, at such time as may be agreed upon in writing by and between such member and his beneficiary or beneficiaries, and the Finance Committee of the Grand Lodge, by and with the approval of the Grand Master Workman and the Grand Recorder; and upon the payment of the amount agreed upon, such member shall surrender his certificate, which shall be cancelled, and thereafter all financial obligations between such member, his beneficiary or beneficiaries, and the Grand Lodge, shall be terminated.

"SEC. 5. Nothing contained in this act shall be construed to in any manner, directly or indirectly, require or obligate the Grand Lodge to enter into or make such settlement as herein provided, but its actions as well as that of the member and his beneficiary or beneficiaries, shall be purely and wholly voluntary. And nothing contained in this act shall

in any manner, directly or indirectly, excuse or relieve any such member from paying his dues and assessments in full, promptly, as provided by the laws of the Order, until full and final settlement is consummated and his certificate cancelled."

The sole question in this case is the validity of this by-law.

The Ancient Order of United Workmen derives its authority to do business from section 4303 of the General Statutes of 1909, which in part is:

"Every fraternal beneficiary association . . . shall make provision for the payment of benefits in case of death, and may make provision for the payment of benefits in case of sickness, temporary or permanent disability, either as a result of disease, accident or old age: *Provided,* The period of life at which physical-disability benefits on account of old age commences shall not be under seventy years."

The charter powers of the association are in subordination to this statutory provision. Under this statute it is authorized to make provision for the payment of benefits in case of death, sickness, temporary or permanent disability. Under the by-law in question the association seeks to pay a sum less than that named in the certificate to those of its members who have attained the age of seventy-five years, without regard to disability, and thereby discharge its obligation to pay on the death of the member. In *Kirk v. Aid Association,* 95 Kan. 707, 149 Pac. 400, this court said:

"A fraternal aid association, under a charter granted in 1894 authorizing it to bestow substantial aid upon totally disabled members, and under section 4303 of the General Statutes of 1909, is not authorized to issue a certificate providing for the payment of a specified sum to the holder thereof upon his reaching the age of seventy years, without regard to whether or not there is any disability, and if such a certificate was issued it can not now be enforced against the association." (Syl. ¶1.)

The court further said:

"This statute [Gen. Stat. 1909, § 4303] does not in terms permit the payment of any sum to the holder of a certificate upon his reaching the age of seventy years. In addition to reaching that age, he must be either temporarily or permanently disabled, by reason of his age. The certificates issued by the association must be those authorized by the statute, or they can not be enforced. The certificate issued by the defendant in this case provides for payment upon the holder's attaining the age of seventy years, without regard to disability. The statute does not authorize this payment." (p. 711.)

The Ancient Order of United Workmen could not enter into a contract with any of its members by which it obligated itself

to do that which it now seeks to do by virtue of this by-law. Such a contract would have been nonenforceable, under *Kirk v. Aid Association,* supra. If the defendant can now make this kind of a settlement with its old members, it could have contracted with them in the first place to make this payment under the conditions named in the by-law. The defendant association can not now legally do that which it could not legally contract to do.

The association argues that the question of issuing certificates of insurance is not here involved, that this by-law provides for the settlement of maturing obligations and for that reason will be beneficial to the organization. All the defendant's obligations are maturing. It issues a certificate to a man twenty-five years old. The presumption is that such certificate will mature by death. When it matures it must be paid. The defendant is not authorized by law to discharge one of its obligations before the death of its member. The statute says the association "shall make provision for the payment of benefits in case of death." That must be done.

The judgment is affirmed.