Merrimack, }
Dec. 4, 1923. }

GRAND LODGE A. O. U. W. OF MASSACHUSETTS
*v.* BERTHA F. BOOTH & a.

Where the by-laws of a beneficial society and the statutes confine the beneficiaries of insurance to certain classes therein specified, a designation, by the assured, of a person as beneficiary who is not within such classes is void.

BILL OF INTERPLEADER. In 1895 the grand lodge issued its beneficiary certificate to Edwin L. Tinkham for $2,000, payable at his death to his wife, Marian. She died just prior to March 7, 1918. On that date Tinkham in due form directed the payment of the beneficiary fund at his death to Miss Bertha F. Booth and Mrs. M. Irene Richardson, "bearing relationship to myself of nieces." On that date the grand lodge issued to Tinkham a new certificate providing for the payment of the beneficiary fund as directed by him to Booth and Richardson. Tinkham died May 23, 1920, and Booth and Richardson brought suit in assumpsit against the grand lodge to recover the $2,000. This fund was also claimed by Arthur E. Tinkham and the three other defendants, children and heirs of Edwin L. Tinkham. Whereupon the plaintiffs brought this bill of interpleader calling upon the defendants to litigate between themselves their title to the fund, which was paid into court.

The by-laws of the grand lodge as well as the statutes of Massachusetts and New Hampshire confine the beneficiaries of insurance

of this kind to certain classes therein specified; the defendants, Booth and Richardson, do not come within any of these classes. They were grandnieces of the insured's wife. There was no blood relationship between them and the insured; and neither of them was dependent upon him for support.

The other four defendants are the sole surviving children and heirs-at-law of the insured.

The by-laws of the grand lodge provide ". . . if all the beneficiaries shall die during the lifetime of the member, and no other legal designation has been made, and the member shall leave a widow or widower surviving, the benefit shall be paid to such surviving widow or widower; . . . if no widow or widower survive then said benefit shall be paid to the surviving children equally."

The court ruled that Tinkham's children were entitled to the fund and the other defendants excepted. Transferred by *Sawyer*, J.

*Hughes & Doe* and *Martin Hayes* (of Massachusetts), for the grand lodge.

*Hughes & Doe*, for Tinkham's children.

*Robert W. Upton*, for Booth and Richardson.

PARSONS, C. J. As the defendants, Booth and Richardson, are not within the classes of those to whom the power of the insurer to pay death benefits is confined, they have no interest in the fund. Laws 1913, c. 122, s. 6; *Metropolitan Insurance Co.* v. *Olsen, ante*, 143; *Modern Woodmen of America* v. *Comeaux*, 79 Kan. 493; 25 L. R. A. (N.S.) 814, *note; Supreme Commandery &c.* v. *Donaghey*, 75 N. H. 197.

The only difference between the case last cited and the present is that in that case it was conceded the heirs of the insured were entitled to the fund if the designated beneficiary was not. Here the contract provided in the by-laws of the insurer for the disposition of the fund in case of the death of the designated beneficiary in the lifetime of the insured, giving it in the absence of a widow or widower, to "the surviving children equally" if "no other legal designation has been made." A "legal designation" implies the naming of some one to whom the insurer might legally pay the benefit. It is found the insurer did not know that the designated beneficiaries were not kin of the insured. But that fact seems immaterial; their knowledge or ignorance could not change the law. Up to the time of his death Tinkham could have designated as beneficiary any one to whom the

benefit might legally be paid. As he failed to do so, the rights of the parties are fixed at his death and his children under the contract are entitled to the fund because of his failure to make other legal designation.

*Knights of Honor* v. *Watson*, 64 N. H. 517, upon which the designated beneficiaries rely, cuts both ways. There it was held that as none of the other defendants could receive a sum designated to be paid to a particular beneficiary, they could not raise the question of her title. Here the designated beneficiaries can have no interest in the fund, not merely because of the constitution or by-laws of the insurer, but because the policy of the state declared by the legislature incapacitates them from having any. Having no interest in the fund, they are not in a position to question its final disposition. The logic of the decree in the *Watson* case, giving the fund to Mrs. Lamprey because no other defendant was entitled to it, is not now involved.

If in this case none of the defendants were found entitled to the fund, the proper decree would seem to be one returning it to the plaintiffs for such voluntary disposition as the law would permit and their inclinations advise. But no such question arises.

*Exception overruled: decree for the children of E. L. Tinkham.*

PLUMMER, J., did not sit: the others concurred.