Obrist v. Grand Lodge.

No. 27,244.

FRANK OBRIST et al., as Heirs at Law of FRANK FISHER, Deceased, *Appellants*, v. THE GRAND LODGE 'OF KANSAS OF THE ANCIENT ORDER OF UNITED WORKMEN, *Defendants;* VERONICA M. CONNER, *Appellee.*

SYLLABUS BY THE COURT.

1. MUTUAL BENEFIT INSURANCE—*Beneficiary—Evidence of Dependency.* In an action between a named beneficiary and the heirs of the insured to determine the right to the proceeds of a fraternal beneficiary policy, the evidence examined and held sufficient to support a finding that the named beneficiary was a dependant of the insured.

2. SAME—*Beneficiary—Who May Question Dependency.* The benefit society alone can raise the objection that the beneficiary designated in a certificate does not come within the class who may be designated under its by-laws.

Appeal from Sedgwick district court, division No. 1; J. EVERETT ALEXANDER, judge. Opinion filed June 11, 1927. Affirmed.

*William Keith* and *Monroe Wright,* both of Wichita, for the appellants.
*Earl Blake, W. A. Blake, Harold L. Blake, Ralph B. Blake,* all of Wichita, and *P. H. Moroney,* of Tulsa, Okla., for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: This controversy involves the right to the proceeds from a fraternal beneficiary policy issued on the life of Frank Fisher by the Ancient Order of United Workmen. The grand lodge of the order admitted liability and tendered the money into court. The defendant, Veronica M. Conner, *née* Shields, was the named beneficiary in the certificate. The plaintiffs were the heirs at law of Frank Fisher, deceased. The latter were defeated and appeal.

Frank Fisher, for many years a resident of Wichita, maintained a home until his death in September, 1925. His wife died in 1914. The Fishers had no children of their own and in 1905 took Veronica Shields, then about four years old, into their home. She lived at the Fisher home until she entered the St. Francis hospital at Wichita to take training in preparation for practical nursing. Sums of money were furnished her by Mr. Fisher during her course of training. Afterwards she was married to James Oliver Conner and lived a short time at Tulsa with her husband, when they returned to Wichita. The court, among other things, found substantially that

Appeal and Error, 4 C. J. pp. 843 n. 65, 889 n. 84. Mutual Benefit Insurance, 29 Cyc. pp. 105 n. 12, 108 n. 16, 244 n. 39; 37 L. R. A. n. s. 1192; 18 A. L. R. 1163; 19 R. C. L. pp. 1282, 1288.

it was the intention of Frank Fisher, during all of the years he paid assessments on the certificate in question, that Veronica M. Conner should receive the benefits; that there was no question but that she was dependent at the time she was named as beneficiary and for a good many years thereafter, and that if such dependency ceased, it must have been either at the time she took up training, at the time she graduated and became qualified to earn a living, or at the time of her marriage; that the evidence showed that while she was in training she received support from her foster father to some extent at least; that at the time she was not engaged in work, she lived at his home and he furnished her with shelter and food; that the same situation obtained after she was graduated; that while she was not working on a case, she remained at home and received shelter and food; that at the time or just prior to her marriage, she was a member of Fisher's family and took care of him through his illness; that she was then receiving shelter and food at his hands; that she took care of him and received no compensation for it other than any other member of a household would in the care of another member; that at the time she went to Tulsa to be married, he went with her, returning in a few days, became ill, sent for her and she came; that her husband followed shortly after; that Veronica and her husband were practically without means; that she worked for Fisher, nursed him at the hospital simply as an ordinary member of the family would; that they resided in his home and there had shelter and support; that Fisher returned to Tulsa with her and her husband and there contributed to their support out of his pension and contributed before they left of his savings, both for his own benefit and for theirs in returning them to Tulsa; that under the facts, the court was of the opinion that the evidence shows she continued dependent upon him to the time of his death.

The grand lodge of Workmen is a fraternal benefit society. The statute providing for the payment of benefits reads:

"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, ascending or descending, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member: *Provided,* The member may, with the consent of the society, make an incorporated charitable institution his or her beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and from time to time have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable

upon the death of the said member: *Provided further,* That any society may by its laws limit the scope of beneficiaries within the above classes." (R. S. 40-701.)

The plaintiffs concede that Mrs. Conner was a dependent at the time she was named a beneficiary in the certificate and continued such dependency until she began training at the hospital in January, 1922, but contend that the evidence was not sufficient to support the finding that she continued afterwards to be a dependent of her foster father, Frank Fisher. It is argued that from April, 1925, until the death of Frank Fisher, he was dependent upon her rather than she upon him; that during the last six months of his life, she rendered services as a nurse worth many times the contributions he was making to her. They quote the rule and cite authorities in support thereof to the effect that a beneficiary must be dependent upon a member in a material degree for support, maintenance or assistance, and the obligation on the part of the member to furnish it must rest upon some moral, legal or equitable ground, and not upon the purely voluntary or charitable impulses of the member. (Citing 19 R. C. L. 1282; *Gillam v. Dale,* 69 Kan. 362, 76 Pac. 861; *Boice v. Shepard,* 78 Kan. 308, 96 Pac. 485; *Modern Woodmen v. Comeaux,* 79 Kan. 493, 101 Pac. 1; *McCarthy v. New Eng. Order of Protection,* 153 Mass. 314, 25 Am. St. Rep. 637; *Murphy v. Novak,* 223 Ill. 301, and others.)

In our opinion there was sufficient evidence to sustain the finding of the court that Veronica Conner was a dependent of the deceased up to the time of his death. There was evidence showing that from the time she was taken into the Fisher home when four years old she was supported, treated and raised as a member of the family; that while she was in training as a nurse she received support from her foster father; that while she was not engaged in work she lived at his home, receiving from him shelter and food; that the same condition obtained after she graduated, and while working as a nurse she lived at home and received shelter and food; that at the time or just prior to her marriage she was a member of his household, engaged in taking care of him through his sickness; that she was then receiving shelter and food at his hands; that he desired her to be married; and that when she married he went with her to Tulsa; that he returned in a few days, became ill and sent for her. Her husband also came. They were practically without

means; that she and her husband resided at the home of the deceased and there had shelter and support; that later deceased went with her and her husband to, Tulsa and there contributed to their support from his pension. Whether or not she was a dependent was a question of fact. (*Alexander et al. v. Parker*, 144 Ill. 355, 19 L. R. A. 187; *American Legion of Honor v. Perry*, 140 Mass. 580, 589.) And there was substantial evidence to sustain the finding of the trial court that she was a dependent within the contemplation of the statute.

"Where there is substantial evidence to support a finding made by the trial court or jury, the supreme court adopts such finding as an ascertained fact although the record also contains evidence to the contrary; and the supreme court cannot independently undertake to determine the relative weight of the evidence, except in cases where the controlling evidence is documentary or by deposition; and this rule is the same whether the cause be in the nature of an action at law or a suit in equity." (*Farney v. Hauser*, 109 Kan. 75, syl. ¶ 7, 198 Pac. 178. See, also, *Wright v. Sutton*, 122 Kan. 771, 253 Pac. 225.)

There appears, however, to be another question which determines the issues in this case. The deceased was a charter member of the local lodge, and since the death of his wife, in 1914, had regularly paid the society the necessary premiums and dues to keep his policy in effect in favor of Mrs. Connor. Under such circumstances the society was hardly in position to deny liability under the contract and in fact did not deny liability. It tendered the proceeds due on the certificate into court. The general rule is that only the insurer can take advantage of the ineligibility of a beneficiary in such a certificate or policy of insurance; that no one but the society can question the eligibility of the person designated as beneficiary. (19 R. C. L. 1288; 29 Cyc. 105; *Fuller v. Supreme Council, etc.*, 64 Ind. App. 49; *Woodmen of the World v. Muth*, 109 Atl. 853, 91 N. J. Eq. 460.) In *Supreme Council of Royal Arcanum v. Churlo*, 263 Fed. 755, it was said:

"A benefit society alone can raise the objection that the beneficiary designated in a certificate does not come within the class who may be designated under its by-laws." (Syl. ¶ 1. See, also, *Taylor v. Hair*, 112 Fed. 913; *Gristy v. Hudgens*, 23 Ariz. 339; *American Ins. Union v. Manes*, 150 Ark. 315; 18 A. L. R. 1161.)

Since the insurance society did not question the right of Mrs. Conner to the proceeds of the certificate and since plaintiffs could not, she was entitled to it.

The judgment is affirmed.