## UNION FRATERNAL LEAGUE *v.* WALTON.

1. When there is nothing in the charter of a benefit society, nor in the laws of the State in which such charter is granted, prohibiting the society from making a rule designating who may be named as beneficiaries in the benefit certificates issued by it to its members, a rule prescribing that no person shall be named as a beneficiary who has not an insurable interest in the life of the member is binding upon him ; and if a member has a certificate issued to him, in which he causes to be named as a beneficiary a person not belonging to this class, the designation of such a person does not confer upon him any right to receive the amount payable under the certificate when the same matures.

2. It follows from the foregoing that when in a suit against a benefit society, by one who had been named as beneficiary in a certificate, it appears that the plaintiff does not belong to the class from which the member was authorized to select a beneficiary, it is proper for the court to direct a verdict in favor of the defendant.

3. When it is provided in a benefit certificate, that "no agent or member or other party than the president or secretary of the said order " shall have the right to change the conditions of the contract, or to agree to any modification thereof, or in any other way alter or amend the same or release any of its conditions, the fact that other agents of the society than those mentioned in the above quotation knew that the person named as a beneficiary in a certificate did not belong to the class from which the member was authorized to make a selection would not estop the society from calling in question this person's right to the fund provided for in the certificate.

4. The evidence demanded a finding in favor of the defendant, and the rulings complained of in the motion for a new trial were not of such a character as to have affected the result. The court committed error, therefore, in awarding a new trial.

Argued November 8, — Decided November 28, 1900.

Action on insurance policy. Before Judge Evans. Laurens superior court. January term, 1900.

*T. B. Felder* and *A. H. Davis*, for plaintiff in error.
*P. L. Wade, A. F. Daley,* and *W. R. Daley,* contra.

Cobb, J. When this case was here before (109 *Ga.* 1), it was held, that if there was nothing in the charter and laws of a benefit society which restricted the right of a member in the appointment of a beneficiary to receive the benefit fund, such member might, at the time he executed the contract, legally designate whomsoever he pleased as beneficiary, and his right to do so would not be questioned, notwithstanding the person so designated might have no insurable interest in the life of the member. The only question then involved was whether the petition set forth a cause of action; and while the benefit certificate appeared on its face to have been issued upon the condition that the member complied with the constitution, laws, and rules of the society, and it was indorsed thereon that the by-laws of the society should govern the certificate, there was no allegation in the petition, nor anything in the certificate or any indorsement thereon, which indicated that the right of the member to appoint a beneficiary was limited to a designation of some person who had an insurable interest in his life. When the case came on to be tried, the defendant introduced in evidence an extract from its "Charter, Constitution, and General Laws," which provided that "Any member of this order shall have the right to change a beneficiary or beneficiaries (to parties having a legal insurable interest) under their benefit certificate at any time, by applying to the Cabinet Secretary, and transmitting with the said application a fee of $0.50 for each certificate. Provided, that no person shall be a beneficiary under any certificate, except he or she have a legal insurable interest." While it was stated in the certificate that Mrs. Walton, the beneficiary, was a cousin of the insured, it was admitted at the trial that she was not related to him either by consanguinity or affinity, and there was no evidence to show that she sustained any other relation to him which would give her an insurable interest in his life. The judge directed the jury to return a verdict in favor of the defendant. The plaintiff filed a motion for a new trial upon several grounds, and the case is here upon a bill of exceptions sued out by the defendant, assigning error

upon the action of the judge in awarding the plaintiff a new trial. As pertinent to the present discussion, we quote the following language from the opinion of Mr. Justice Little when the case was here before: "Differences exist between contracts entered into under the plan of ordinary life-insurance and those made by benefit societies. A contract entered into by a benefit society with a member is, of course, executory, and its terms and conditions are ordinarily manifested by the certificate of membership. In addition to such, the charter of the society, its constitution and by-laws necessarily form a part of such contract. . . The law which provides for the organization of a benefit society usually specifies the classes of persons who may be made beneficiaries of the insurance; and where the organic law of the society, or the charter procured from the State under that law, prescribes what classes of persons may become beneficiaries of its insurance, it is not in the power of the society or one of its members, or both, to enlarge or restrict these classes; for the society has no authority to create a fund for a person who does not belong to one of such classes, and the member has no right or power to designate such person as his beneficiary."

It is immaterial whether we treat the contract as one to be governed by the laws of Georgia or of Massachusetts, as it is not contended that there is anything in the law of either State which would prevent a benefit society from making a rule limiting the right of a member in the appointment of a beneficiary to some person who has an insurable interest in his life. But it was argued that the above-quoted extract from the rules of the society does not limit the right of the member in regard to naming the beneficiary, except in cases where there is to be a change of beneficiaries. While the first sentence in the rule relates to the subject of changing the beneficiary, nothing can be clearer than that the proviso was intended to apply to certificates as originally issued. It was further argued that, because the agent of the society, who was the organizer of the local lodge of which the insured was a member, knew at the time the certificate was issued that Mrs. Walton had no insurable interest in the life of the insured, and because the collector and agent to whom the assessments were paid had like knowledge, the society is estopped from setting up, as a defense to the suit, that Mrs. Walton's designation as a beneficiary in the certificate was contrary to the rules of the society. The stipulations indorsed upon

the certificate are expressly made a part of the contract, and among these stipulations we find one which provides that "no agent or member or other party than the president or secretary of the said order" shall have the right to change the conditions of the contract, or to agree to any modification thereof, or in any other way alter or amend the same or release any of its conditions.   It is not pretended that any of the officers named in this stipulation had any notice of the fact that Mrs. Walton was not entitled, under the rules of the society, to be named as a beneficiary.   So far as the present record discloses, there is nothing in the charter of the society or the law of Massachusetts prohibiting the society from making a rule that no person shall be named by a member as a beneficiary in his benefit certificate who has not an insurable interest in his life; and it appearing that the society made a rule to this effect, which was in force at the time the certificate involved in the present case was issued, it became a part of the contract between the member and the society.   The designation by the member of a beneficiary belonging to the prohibited class was in violation of the rules of the society, and did not confer upon such person the right to claim any interest in the benefit fund of the society,   This being true, such a person had no right of action on the policy; and the record disclosing that the facts above stated were established by uncontradicted evidence, a verdict in favor of the defendant was the only proper one that could have been rendered in the case, and the court did not err in directing the jury so to find.

Unless, therefore, some ground of the motion for a new trial complained of an error of law committed during the progress of the trial which would have affected the result, a new trial should not have been granted.   One ground of the motion complains that the court erred in admitting in evidence the application for insurance, upon the ground that there was no sufficient legal proof of execution, and that the application was not sufficiently identified as the application upon which the certificate in the present case was issued. Under the view we have taken of the case, the application was not at all material, and even if the court erred in admitting the same, such error was no sufficient reason for awarding a new trial.   Another ground of the motion complains of the admission of what purported to be the copy of a statute of the Commonwealth of Massachusetts.   The ground of objection to this evidence was that it was

not authenticated in accordance with the act of Congress. The statute is not set out in the motion, and it is impossible to tell from the allegations in the ground how it was in fact authenticated. Consequently, this ground presented no reason for setting aside the verdict. A trial judge ought not to grant a new trial on a ground of a motion therefor, unless enough facts are set forth in the ground to show that error was in fact committed. See *Cooper* v. *Delk*, 108 *Ga*. 554. The only remaining special ground of the motion complains that the court erred in refusing to determine whether certain alleged misrepresentations contained in the application for insurance were wilfully made and were material. Even if the court erred as to this matter, the error thus committed was immaterial.

It was error to grant a new trial.

*Judgment reversed. All concurring, except Lewis, J., absent.*