*W. S. Dillon, C. M. Lancaster, W. J. Davis Jr.,* contra.

---

11413. District Grand Lodge No 18, etc., *v.* Morris *et al.*

Stephens, J. 1. Where it does not appear that the charter of a benefit society prohibits the society from designating what classes of persons may be named as beneficiaries in the benefit certificates issued by it to its members, and where there is nothing in the laws of the State in which the charter is granted prohibiting such designation, a rule or law of the society, printed on the back of the certificate and by the terms of the certificate expressly made a part thereof, prescribing that "only persons related to members by consanguinity or who sustain the relation of husband and wife shall be designated . . as beneficiaries; provided, however, that the former class shall only be designated when they are dependent upon the member for support and maintenance," is binding and enforceable. *Union Fraternal League* v. *Walton,* 112 *Ga.* 315 (37 S. E. 389).

2. Where it is provided in the application, which by the terms of the certificate is made a part of the contract, that knowledge by or information to the officers of the subordinate lodge of the society shall not be notice to the society or binding upon it, but that the society shall be bound only by knowledge or information in writing to the officers of the bureau of endowment of the society, any knowledge or information had by the officers of the subordinate lodge, either at the time of the issuance of the certificate or afterwards, that the beneficiaries named therein were not such as were entitled to be named as beneficiaries and receive benefits under the laws of the society, is not notice to the society. *Union Fraternal League* y. *Walton,* supra.

3. In a suit on the policy by the beneficiaries named therein, where it

appeared that none of them sustained the relation of husband or wife to the insured or were dependent upon him for support and maintenance, and when it appeared that no notice of these facts, either at the time the policy was issued or afterwards, was ever possessed by the officers of the bureau of endowment of the society; but was possessed only by certain officers of the subordinate lodge, a verdict for the plaintiffs was unauthorized.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*

DECIDED MARCH 4, 1921.

Action on insurance policy; from city court of Sparta — Judge Johnson presiding. January 31, 1920.

*C. P. Goree,* for plaintiff in error. *Wiley & Lewis,* contra.