11721. DISTRICT GRAND LODGE No. 18 etc. *v.* GARDNER, adm'r.

LUKE, J. 1. " Before exceptions pendente lite can be considered by this court, error must have been originally assigned in the main bill of exceptions *upon the exceptions pendente lite,* and not merely upon *the*

10

*judgment complained of* in the exceptions pendente lite, or such an assignment must be made, by the permission of this court, before the argument of the case here." *Ponder* v. *State,* 25 *Ga. App.* 768 (105 S. E. 318), and cases there cited. Under this ruling the exceptions pendente lite cannot be considered. (NOTE. See Ga. L. 1921, p. 233, sec. 2.)

2. " Where it does not appear that the charter of a benefit society prohibits the society from designating what classes of persons may be named as beneficiaries in the benefit certificates issued by it to its members, and where there is nothing in the laws of the State in which such charter is granted prohibiting such designation, a rule or law of the society, printed on the back of the certificate and by the terms of the certificate expressly made a part thereof, prescribing that ' only persons related to members by consanguinity or who sustain the relation of husband and wife shall be designated . . as beneficaries; provided, however, that the former class shall only be designated when they . are dependent upon the member for support and maintenance,' is binding and enforceable." *District Grand Lodge No. 18 etc.* v. *Morris,* 26 *Ga. App.* 371 (106 S. E. 188); *Union Fraternal League* v. *Walton,* 112 *Ga.* 315 (37 S. E. 389).

3. While in the present case it is provided in the application, which by the terms of the certificate is made a part of the contract, that knowledge or information to the officers of the subordinate society shall not be notice to the society or binding upon it, but that the society shall be bound only by knowledge or information in writing to the officers of the bureau of endowment of the society, and while the certificate was made payable to the " estate " of the deceased member, and did not name as beneficiary a person of the class designated in the certificate, the defendant society will not be heard to complain of this fact, since by accepting the application of the insured and issuing to him a certificate of insurance, and thereafter accepting payment of the premiums with full knowledge that the insurance was payable to his estate, they waived their right to insist upon this condition of the contract.

(*a*) In this particular the present case is clearly differentiated from the above-cited cases, since in those cases the society did not know, at the time the certificate was issued or subsequent thereto, that the persons named in the certificates as beneficiaries did not sustain the relation of husband or wife to the insured or were not dependent upon him for support and maintenance, whereas in the case under review the society was obliged to know, when it accepted the application and issued to the insured a certificate of insurance payable to his estate, that the beneficiary thus named was not a person of the class designated in the certificate.

4. The evidence submitted to the trial judge, who heard the case by agreement without the intervention of a jury, authorized a finding in favor of the plaintiff; and, for no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JUNE 14, 1921.

Action on insurance policy; from Fulton superior court — Judge George L. Bell. June 30, 1920.

*C. P. Goree,* for plaintiff in error.

*A. L. Etheridge, F. A. Hooper & Son,* contra.