BELLA HOWARD, RESPONDENT, v. THE COMMONWEALTH BENEFICIAL ASSOCIATION, APPELLANT.

Submitted July 10, 1922—Decided October 6, 1922.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is an appeal by the defendant below from a judgment rendered in the District Court of the city of Orange. In October, 1916, an agent of the appellant, the Commonwealth Beneficial Association, suggested to Charles Mundy, who was boarding with the plaintiff below, Bella Howard, that he take out on his life a policy of insurance payable to Bella Howard. The agent made out for Mundy an application, writing down Mundy's answers to the questions asked in the application. The premiums were to be paid by Bella Howard, the beneficiary. In answer to the question, 'Name in full the person to whom funeral benefits shall be paid,' there was written the name of 'Bella Howard,' and under the word 'relationship' there was written the words 'dependent friend.' Upon this policy of insurance the premiums were paid regularly by Bella Howard for upwards of four years. Charles Mundy died on February 19th, 1921. The proofs of death were made out by or for Bella Howard and submitted. The association refused to pay the policy. Bella Howard instituted this suit in the District Court of the city of Orange

to recover the amount thereof. The defence was that the beneficiary, not being a dependent friend, was barred from recovery by a provision of the by-laws, reading as follows: 'No application will be received for membership herein when said applicant shall name as recipient of the funeral benefit applied for in such application any person other than a member of his or her family, or one who is dependent upon him or her.'

"The contention of the appellant is that by virtue of this provision the trial court should have granted the motion to nonsuit or the motion to direct a verdict. This provision reads that no application for membership will be received when the applicant names as the beneficiary one who is not related or a dependent. The application in question was, as a matter of fact, received and accepted. The agent who took the application knew the relationship between the beneficiary and assured. For upwards of four years the association took the premiums from the beneficiary. Under these circumstances we think the trial court ruled properly in denying these motions. An insurable interest in the life of the insured is not required in this state. *Trenton Mutual Insurance Co.* v. *Johnson,* 24 *N. J. L.* 576.

"We do not think the above by-law applicable to the present case. We construe the by-law to mean that an application will not be received where the beneficiary is not a dependent. But where, as in this case, the application has been received and accepted with knowledge of the relationship existing between the insured and the beneficiary, and premiums accepted, the association has waived the by-law and is estopped from setting it up as a defence to the payment of the policy.

"This case is not unlike that of *Thomas* v. *National Benefit Association,* 81 *N. J. L.* 349, in which the beneficiary was described as 'guardian,' and the policy stated that 'the beneficiary must have something more than a pecuniary interest in the insured as speculative policies were not issued.' This court held that the writing and delivery of the policy, and

the acceptance by the association of premiums, amounted to a practical interpretation of the policy by the parties, and it would be a fraud to contract and receive the premiums, with full knowledge that the policy was void.

"The grounds of appeal, other than the one above considered, are not argued in the appellant's brief, so they will be considered as abandoned.

"The judgment will be affirmed, with costs."

For the appellant, *Fisk & Fisk.*

For the respondent, *William A. Lord.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.