## No. 27,519.

PARLEE ROLLINS, *Appellant*, v. THE INDEPENDENT ORDER BROTHERS AND SISTERS OF CONSOLATION, *Appellee.*

(257 Pac. 754.)

### SYLLABUS BY THE COURT.

MUTUAL BENEFIT INSURANCE—*Beneficiaries—Dependency.* In an action to recover on a fraternal insurance certificate wherein the plaintiff was named as beneficiary thus, "Parlee Rollins for support," her petition alleged that in October, 1916, the insured, one Huston Beasley, who was without a home or place to live and in ill health and unable to do hard work, appealed to plaintiff and her husband to be permitted to make his home with them, and that he would be as a child to them as long as he lived, to which plaintiff and her husband agreed; and it was further agreed that plaintiff should be as a mother to Huston Beasley and that he would work and earn money, raise garden vegetables and do housework, all for support of Parlee Rollins, which arrangement continued until the death of Beasley while he was in good standing as a member of defendant corporation. *Held*, that plaintiff was not a dependent on Huston Beasley within the terms of the statute and the by-laws of the defendant corporation, and the fact that plaintiff was designated as beneficiary in the certificate of insurance did not estop the defendant to raise her want of qualifications as a beneficiary, and defendant's demurrer to plaintiff's petition was properly sustained.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed July 9, 1927. Affirmed.

*J. D. Brown*, of Independence, for the appellant.

*L. W. Johnson*, of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action by the named beneficiary of a policy of fraternal insurance. Plaintiff was defeated on the ground that she was disqualified under the statute and under the rules of the defendant society.

In plaintiff's third amended petition she alleged that for more than ten years she and her husband had a home in Independence, and

Insurance, 2 L. R. A. n.s. 653; 36 L. R. A. n.s. 208; 37 L. R. A. n.s. 1191; 51 L. R. A. n.s. 726; 14 R. C. L. 1385. Mutual Benefit Insurance, 29 Cyc. pp. 106 n. 13, 109 n. 19, 114 n. 40.

that in October, 1916, one Huston Beasley, an illiterate negro, without a home or family, whose health had failed and who was physically unable to do hard work—

"Appealed to John and Parlee Rollins, his wife, that each permit him to make their home his home, even until death; that if they would he would be as a child in the home so long as he lived; that there was no one cared for him since the death of his wife and child; that he longed for a home that he could feel would be his own while here on earth. That John and Parlee Rollins considered together the said appeal of Huston Beasley; and then taking the matter up with him it was agreed between the three, that Huston Beasley should make his home with John and Parlee Rollins. That John Rollins was to be as a father, and Parlee Rollins as a mother to Huston Beasley; and he should live in and occupy their home and house as a child of their own, even until death; and he would work and earn money, raise garden vegetables, do housework and all for support of Parlee Rollins. That Huston Beasley continued to live in the home of John and Parlee Rollins as a member of their family from October, 1916, to February 20, 1925, when he died, leaving the amended certificate in full force and effect, keeping and performing every part thereof on his part to be performed."

Plaintiff also alleged that on March 14, 1921, Huston Beasley was a member of the defendant corporation in good standing and held a beneficiary certificate issued by it for $300 payable at his death to "his estate," and that in June, 1923, the Grand Master of the defendant company, at Beasley's request, changed the named beneficiary, "his estate," to plaintiff, by inserting in lieu thereof the following:

"I do hereby name and designate as my sole beneficiary or beneficiaries: 'Parlee Rollins for support, changed 27th June, 1923.'"

The certificate thus amended was delivered to Beasley and he paid all dues and assessments thereon until his death on February 20, 1925. A copy of the certificate was attached to plaintiff's petition, and appropriate references were also made in the petition to an 80-page book containing defendant's constitution and by-laws filed with the clerk of the court, which constitution provided:

"Section 1. The beneficiaries shall be confined to the families, heirs, blood relatives, affianced husband or wife, or to persons dependent upon the member."

The beneficiary certificate provided that the defendant—

"Will pay to the legal beneficiaries, heirs, blood relatives, etc., in compliance with the fraternal beneficiary laws in each state in which the I. O. B. & S. of C. may operate, of Bro. Consolation Huston Beasley at his death an endowment of three hundred dollars."

Other exhibits showing correspondence of the litigants, a con-

tract of merger between defendant and a similar society and related proceedings of no present consequence were also attached to the petition.

The petition further alleged that plaintiff, Parlee Rollins, was dependent upon Huston Beasley. Defendant's default of payment, plaintiff's demand, and the amount due were sufficiently pleaded and judgment prayed for.

Defendant's demurrer was sustained, and judgment entered in its favor.

Plaintiff appeals. She gives some space to the merger contract between the defendant society and another, "The Knights and Ladies of Protection," effected in 1922, and contends that by the terms of · that merger defendant was bound to carry forward the business of the two societies according to the constitution and by-laws of the latter society. This point may be conceded, but no substantial difference between the constitution and by-laws of the two societies is discoverable, nor did the merger contract add to or alter the original obligation of the defendant, so far as governs the legal capacity of plaintiff to take as a "dependent" of Huston Beasley, and that is the only question we have to consider.

Under the by-laws of both organizations beneficiaries were confined to the families, heirs, blood relatives, affianced husband or wife, or to persons dependent upon the member.

Under the facts recited in plaintiff's third amended petition can it be said that Mrs. Rollins, the designated beneficiary, was a dependent on Huston Beasley under the provisions of defendant's constitution and by-laws and as defined by the statute? The pertinent statute which governed the contract at the time it was executed reads:

" . . . The payment of death benefits of such an association shall be to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon the member thereof. . . . " (Gen. Stat. 1915, § 5401.)

Plaintiff cites a decision of the St. Louis court of appeals, *Peterson v. Knights & Ladies of Security,* 189 Mo. App. 662, which in its facts was much like this case, and in which a recovery was permitted—not because the designated beneficiary was a dependent upon the insured but on the ground of estoppel. The controlling section of the syllabus reads:

Rollins v. Independent Order.

"The holder of a benefit certificate in defendant fraternal beneficiary associa-
tion, which limited beneficiaries to the 'family, heirs, blood relatives  .  .  .
or the persons dependent upon the member,' after the death of his wife, when
he was alone and practically destitute, moved his trunk and personal effects to
the home of plaintiff, who had always known him and regarded him as a
brother and who invited him to make his home there. Thereafter, he continued
to live as a member of the household, paying no board, until his removal to a
hospital, where he died, except for a few days, when he rented a room near a
factory where he had obtained employment, during which time he did not
move his trunk from plaintiff's home and continued to take part of his meals
there. After moving to plaintiff's home, insured communicated to an officer
of defendant's local lodge his desire to have plaintiff named as beneficiary
in his certificate, and the officer, after the situation had been explained to him,
stated to insured, in plaintiff's presence, that it would be necessary to designate
plaintiff as a dependent, although plaintiff explained that she was not dependent
upon insured. A new certificate was thereafter issued, in which plaintiff was
named as beneficiary and designated as a 'dependent,' and thereafter plaintiff
paid the assessments due on the certificate. *Held*, that it would seem that
defendant was estopped to assert as a defense that plaintiff was not within
the enumerated class of persons entitled to receive benefits." (Syl. ¶ 5.)

This court, however, is committed to a contrary doctrine. In
*Modern Woodmen v. Comeaux*, 79 Kan. 493, 101 Pac. 1, one Carl W.
David held a beneficiary certificate issued by a fraternal insurance
society, in which a hotel keeper with whom Davis made his home was
named a beneficiary thus: "Robert L. Comeaux, who bears relation-
ship to myself of dependent." The by-laws of the society, as well as
the pertinent governing statutes, were substantially the same as in
this case; and so, too, were the material facts. The syllabus reads:

"1. D. was an unmarried man, without living relatives. He held a benefit
certificate for $1.000 in the Modern Woodmen of America, of which order he
was a member in good standing. He was sick and without a home. To secure
a place where he could live and be cared for he entered into an agreement with
a neighbor who was keeping a hotel, whereby it was agreed that the name of
the hotel keeper should be placed in the benefit certificate as beneficiary,
and he should also have all the property then owned by D., in consideration of
which D. during his lifetime was to have a home at the hotel as part of the
hotel keeper's family. In pursuance of this agreement the name of the hotel
keeper was inserted in the certificate as stipulated, being designated as a
'dependent.' D. made a will by which his property was bequeathed to the wife
of the hotel keeper, and he then went to the hotel to live, and remained there
until his death, which occurred a few months afterward. *Held*, that the hotel
keeper was not a dependent upon D. within the meaning of the law relating to
the fraternal associations, and had no valid claim against the order as a bene-
ficiary.

"2. Where the name of a person who does not belong to the class which by the rules of the order and the statute regulating such associations is entitled to become a beneficiary is inserted in a benefit certificate, such person has no right to receive any part of the benefit fund, and the acceptance of assessments paid, after his name has been so inserted, will not confer such right."

To the same effect were *Gilliam v. Dale*, 69 Kan. 362, 76 Pac. 861; *Johnson v. United Workmen*, 91 Kan. 314, 137 Pac. 1190.

It will be noted that under our statute quoted above the beneficiaries of fraternal insurance societies are confined to a definitely enumerated class; and it ought not to require discussion that the provisions of the statute cannot be rendered nugatory on some sophistical theory of estoppel; and so in *Johnson v. United Workmen*, supra, this court has said:

"Decisions from other courts are cited by the plaintiff, but without examination of the authorities we assume that they were not controlled by an express statute. If the cases cited were decided upon any theory that a statutory provision such as we have is not controlling upon the courts, we should decline to follow them." (p. 321.)

It will also be noted that our own case of *Modern Woodmen v. Comeaux*, supra, which is controlling on the question of estoppel although it is at variance with the decision in the Missouri appeals case relied on by appellant, also leaves nothing to discuss so far as the facts are concerned. Mrs. Rollins was not a dependent on the poor, sickly and homeless Beasley; on the contrary, under the facts alleged she was his charitable benefactress; and what chores in and about her house and garden his limited physical capacity enabled him to do in return for the privilege of having a home with her and her husband did not create any such relationship as dependency of Mrs. Rollins on Huston Beasley under the controlling statute and the constitution and by-laws of the defendant.

The demurrer to plaintiff's petition was properly sustained and the judgment is affirmed.