No. 29,471.

LYMAN J. COFFMAN, *Appellee,* v. (THE SECURITY BENEFIT ASSOCIATION, and H. E. WRIGHT, Administrator de bonis non of the Estate of IRENA B. COFFMAN) EVA M. GADBERY, *Appellant.*

(291 Pac. 753.)

Opinion filed October 11, 1930.

*Ralph T. O'Neil, J. D. M. Hamilton, Barton E. Griffith,* all of Topeka, and *W. W. Parker,* of Emporia, for the appellant.

*C. Vincent Jones,* of Clay Center, *George A. Jeffery* and *H. D. Baker,* both of Wichita, for the appellee.

*George R. Allen* and *A. W. Fulton,* both of Topeka, for The Security Benefit Association.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Lyman J. Coffman against Eva M. Gadbery and the Security Benefit Association to recover one-half of the proceeds of a benefit certificate for $3,000 due upon a policy of insurance issued on the life of Irena B. Coffman

by the association, she being the owner of the certificate at the time of her death on October 6, 1928, and in which Eva M. Gadbery, her sister, had been named as the beneficiary. In plaintiff's petition he alleged the issuance of the certificate, date not given, otherwise shown to have been issued on the 29th of April, 1911, upon the life of Irena B. Coffman, for the sum of $3,000, and that Irena B. Coffman died on October 6, 1928. As a basis for his claim for a part of the fund to be derived from the insurance policy he alleged:

"Heretofore, the exact date of which plaintiff does not know, the defendant, the Security Benefit Association, duly executed an insurance policy on the life of the said Irena B. Coffman in her lifetime for the sum of three thousand dollars ($3,000). Said Irena B. Coffman thereafter was about to drop the said insurance, all excepting one thousand dollars ($1,000) thereof. Whereupon said Irena B. Coffman agreed with plaintiff and defendant, the Security Benefit Association, that if plaintiff would pay the premium upon $1,500 of said insurance, that the Security Benefit Association should, at the death of the said Irena B. Coffman, pay from said policy above mentioned the sum of $1,500 to plaintiff, and that she and said association would see that plaintiff got it, and the said Irena B. Coffman would make a will wherein she would provide that if, for any reason, said $1,500 should not be paid to the said Lyman J. Coffman, said plaintiff, from said insurance, that same should be paid from her estate; that said Irena B. Coffman thereafter died, as aforesaid, and left no will."

Plaintiff further alleged that, in reliance upon the agreement, he paid one-half of the premium upon the policy for the first half of the year 1928, in two payments, amounting to $30.60, and that Irena B. Coffman paid the last half of the premiums for that period. The exact date of the agreement referred to plaintiff did not state, but he alleged it was sometime near the last of the year of 1927, or the beginning of the year 1928, and was not in writing. He adds that the policy would have been dropped and discontinued, except perhaps the sum of $1,000, if the agreement had not been made, and that the association, through its authorized agent, A. L. Guy, orally agreed to the arrangement.

The Security Benefit Association alleged that it was a fraternal benefit society operating under the laws of Kansas; that the certificate was issued April 29, 1911, to Irena B. Coffman, a member of the association, in which her husband, Treadwell C. Coffman, was named as beneficiary. Later, and on May 21, 1926, an application was made to the association to change the beneficiary from her husband to plaintiff, Lyman J. Coffman, a brother-in-law of

insured, for one-half share, and the other one-half to defendant, Eva M. Gadbery. The certificate, it is alleged, was returned by the association with the advice that under the law it could not legally name the brother-in-law of the insured as a beneficiary, and thereafter, about May 27, 1926, the certificate was returned by the insured with the name of Lyman J. Coffman erased therefrom, leaving Eva M. Gadbery as the sole beneficiary. On March 9, 1928. the certificate as reissued, with the name of Eva M. Gadbery as beneficiary, was again presented to the association, with a request to change the name of the beneficiary, making the benefits payable one-half to Eva M. Gadbery, a sister, and one-half to Lyman J. Coffman, a brother-in-law. This request was denied, with the statement that a benefit certificate payable to a brother-in-law could not be issued under the law, and thereafter, on or about the 8th day of May, 1928, the association was informed by the financier of the local council that the insured was short of relatives and had decided to let the benefit certificate remain as it then was, and that the certificate outstanding named Eva M. Gadbery as the sole beneficiary. After the death of Irena B. Coffman, Lyman J. Coffman, the brother-in-law, filed a claim for one-half the proceeds of the benefit certificate, and on November 7, 1928, notice of proof of death was filed and a claim made by appellant, Eva M. Gadbery, for the payment of all benefits due under the certificate. The association alleged that because of adverse claims to the benefits it could not safely pay either claimant without being subjected to the hazard of being required to pay disputed benefits a second time, and it tendered the money payable under the certificate into court.

Eva M. Gadbery filed a demurrer to plaintiff's amended petition, and upon the argument it was admitted that Lyman J. Coffman was a brother-in-law of the insured, Irena B. Coffman. The court overruled the demurrer and an appeal has been taken, and error is assigned on the overruling of the demurrer and the refusal of the court to enter judgment in favor of Eva M. Gadbery.

What right has the plaintiff to the benefits? It is agreed that his relationship to the insured is that of brother-in-law. He is clearly outside the class who may claim or receive death benefits from a fraternal beneficiary society. The statute (R. S. 40-701), as well as the constitution and by-laws of the association itself, fixes definitely the relationship of those who may share in the benefits of a certificate of insurance. Any agreement or arrangement to pay

benefits to persons not within the classes named contravenes public policy, as expressed in the statute, and is a violation of the statute itself, and is therefore without effect.  Agreements of this kind are contrary to the spirit and purpose of the association, which is organized and carried on not for profit, and the benefits to be paid are all derived from assessments, premiums or dues collected from its members with interest accumulations thereon.  That purpose cannot be defeated even by the consent of the officers or agents of the association.  It has no power to enlarge the classes to be benefited.  In *Gillam v. Dale,* 69 Kan. 362, 76 Pac. 861, it was decided:

"That persons other than those designated in the statute have no insurable interest in the life of a member and cannot be made beneficiaries or receive death benefits."

And in the course of the opinion it was said:

"Whatever the rule may be where beneficiaries are designated in the constitution or by-laws of the society only, it is clearly beyond the power of benefit associations governed by the law of this state, and given corporate existence by such law, to pay out funds collected from its members to persons not within the classes designated in the statute." (p. 367.)

See, also, *Pilcher v. Puckett,* 77 Kan. 284, 94 Pac. 132; *Boice v. Shepard,* 78 Kan. 308, 96 Pac. 485; *Johnson v. United Workmen,* 91 Kan. 314, 137 Pac. 1190.

The rule to be applied here differs from provisions allowing a member to designate whom he pleases as beneficiary, and so it has been said:

"Statutory or charter restrictions of this nature are constitutional, and neither the society nor a member nor the two combined can divert the fund from the classes prescribed either directly or indirectly, as by will; the society has no power to issue a certificate payable to a person not belonging to one of those classes, and the designation of a person thus ineligible as beneficiary is nugatory." (45 C. J. 171.)

Following the rule of *Gillam v. Dale,* supra, it must be held that the plaintiff was not entitled to claim any of the death benefits on the life of the insured, and that the court was without authority to deal with the beneficiary and require her to surrender a part of the proceeds legally payable to her and to her alone under the certificate and the laws under which it was issued.  Eva M. Gadbery was the legally designated beneficiary.  Her relations to the insured brought her within the classes to which benefits might be paid, and under the governing laws applicable to the association it is bound to pay the benefits to her according to the contract.  Plaintiff cites *Savage*

*v. Modern Woodmen,* 84 Kan. 63, 113 Pac. 802, and similar cases, where equitable claims of persons were allowed, but these persons were all within the recognized relationship, who had an interest in the life of the insured and might have been named as beneficiaries.

But it is contended by plaintiff that the beneficiary named has no right to raise the question that plaintiff is not within the class that may receive death benefits, and · cites the case of *Obrist v. Grand Lodge,* 123 Kan. 616, 256 Pac. 955. In that case reference is made to a rule that ordinarily only the insurer can take advantage of the ineligibility of a beneficiary. That rule can have no application, as the authorities there cited show, where the insured is at liberty to appoint whom he may please. It is not applicable where the statute and charter of the society prescribe the classes of persons to whom benefits may be paid. (45 C. J. 167.) One who has been named a beneficiary has only a prospective interest and has no right to object to the substitution of another beneficiary in his place. However, where no change has been made, the death of the insured gives the beneficiary a vested interest in the benefits which he has a right to protect as against adverse claims. In *Sluder v. National Americans,* 101 Kan. 320, 166 Pac. 482, where the interest of a beneficiary was in question, it was said:

"Until the insured died the plaintiff had only an inchoate interest in the benefit certificate, but if she died without making an effectual change of the contract her inchoate interest became a contract right, and she became entitled to assert her rights under the certificate and to challenge the validity of any steps or action previously taken in opposition to her rights." (p. 322.)

The agreement pleaded by plaintiff, being in violation of the statute and of the laws of the association, was a nullity and furnished no basis for a claim to the proceeds of the certificate. The defendant, Gadbery, by virtue of being a legally appointed beneficiary, was entitled to the proceeds and has a right to challenge the validity of plaintiff's claim upon the fund by her demurrer. As to her the demurrer should have been sustained.

It is unnecessary to consider what, if any, claim plaintiff may have against the estate of the insured for the $30.60 which he advanced to pay assessments on the certificate. The judgment overruling the demurrer will be reversed and the cause remanded with directions to sustain the demurrer of the beneficiary, Gadbery. It is so ordered.