No. 31,321

John S. Bussey, Earl Bussey, Bert W. Bussey, Myrtle Jones, Lula Fulton, Ota Shirk, Cora Bussey and Ella Powers, *Appellees,* v. The Prætorians Life Insurance Company, *Defendant,* and Ruby Lindsley (formerly Ruby Bussey), *Appellant.*

(27 P. 2d 275.)

Opinion filed December 9, 1933.

*E. V. Bruce* and *C. S. Denison,* both of Pittsburg, for the appellant.

*A. H. Carl,* of Pittsburg, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This appeal involves a controversy over the proceeds of a beneficiary certificate. Plaintiffs are the brothers and sisters of the insured member, now deceased. The contesting defendant formerly was the wife of the insured, but was divorced from him and later married to another person. The trial court sustained plaintiffs' demurrer to her answer, and she has appealed.

The Prætorians Life Insurance Company, a corporation, is a fraternal benefit society organized for the sole benefit of its members and their beneficiaries under the laws of Texas, and authorized to do business in Kansas. On November 9, 1924, Frank Bussey, of Pittsburg, made application for membership in the society, which

issued to him a beneficiary certificate in the sum of $2,000, in which his wife, Ruby Bussey, was named as the beneficiary. The contract between the society and its members consists of the application, the beneficiary's certificate, and the charter and constitution of the society. Article 24 of the constitution, relating to beneficiaries, section 4, reads:

"If there shall be a divorce of beneficiary from policyholder, then the interest of the named beneficiary shall be canceled; and if no other beneficiary is named by the policyholder, then amount of policy shall be paid as provided in section 3 of this article."

Section 3, just referred to, provides:

". . . If the policyholder dies and no beneficiary survive him, then the amount of the policy shall be paid:

"First, to the widow or widower if no child or children survive, but if a child or children survive the policyholder, then one-half to the widow or widower and the other one-half in equal parts to the policyholder's surviving children.

"Second, if the policyholder leave no widow or widower surviving, then to the policyholder's children in equal parts.

"Third, if said policyholder leave neither widow nor widower nor children surviving, then to the policyholder's father and mother in equal parts or to the surviving of either.

"Fourth, if the policyholder dies leaving neither of the foregoing surviving, then to his or her brothers and sisters in equal parts. If no father or mother, brother or sister, nephew or niece survive the policyholder, then the benefits shall revert to the life benefit funds."

On March 4, 1929, Ruby Bussey obtained a divorce from her husband, Frank Bussey, and thereafter married a Mr. Lindsley, and she is the person who is a party to this action as Ruby Lindsley.

On January 20, 1932, Frank Bussey wrote the society at its Texas office.

"I wish to change beneficiary in my policy. It is now Ruby Bussey, wife, but she has divorced me and remarried. I want it made to my brothers and sisters. . . ."

The change of beneficiary had not been made in the benefit certificate when Frank Bussey died, February 14, 1932, leaving no widow, children, or parents surviving him, but leaving brothers and sisters.

When plaintiffs filed this action they made the society alone defendant. It answered setting up the nature of its incorporation and contract, that it had issued a benefit certificate to Frank Bussey,

as above stated, and admitted assessments had been paid thereon to the time of his death; and its liability on the certificate; but alleged that Ruby Lindsley, formerly Ruby Bussey, claimed the proceeds of the policy because she was named therein as beneficiary, and for the further reason that she claims to have paid the assessments, or part of them; and offered to pay the proceeds of the certificate into court for the benefit of the parties found to be entitled thereto, and asked that Ruby Lindsley be made a party defendant, and that it be relieved from further liability. These requests were granted. Whereupon plaintiffs filed an amended petition making Ruby Lindsley a party defendant. She filed an answer, admitting or alleging many of the facts hereinbefore stated, and further alleged that the society operates through a supreme body known as the supreme senate, and subordinate bodies known as councils, which were in fact lodges conducted on a ritualistic plan; that only persons who were members of local councils were eligible to procure benefit certificates; that Frank Bussey, at the time of taking out this certificate, was a member of the local council at Pittsburg, Kan., and continued to be until his death; that the statute of Texas, under which the society was incorporated—which statute was pleaded— permits the society to designate the classes of persons who may be beneficiaries; that section 1 of article 24 of the constitution of the society provides that beneficiaries may include the wife, any relative, fiancée, business associate, trustee, charitable institution, person dependent upon the insured, or to the estate of the insured, or any persons, interests or entities not forbidden by law. The answer admitted that section 4 of article 24 of the constitution of the society was in force and effect at the time the certificate was issued, and since, but alleged that one R. W. Church, during all the time pertinent, was a director of the society and its recorder, and among other things had full power and authority to receive and receipt for dues; that she had paid the dues to R. W. Church, as such officer of the society, since she obtained a divorce from Frank Bussey, and that Church had received the payments from her, knowing of the divorce, and it is alleged by reason of those facts that the society waived section 4 of article 24 of its constitution.

Plaintiffs' demurrer to this answer was sustained, and appellant contends that the court erred in sustaining the demurrer.

It will be seen from the above statement that the principal ques-

tion to be decided is whether section 4 of article 24 of the constitution of the society had been waived. Appellant argues that the facts stated in her answer, namely, that she had had possession of the certificate since it was issued, and since her divorce from the insured she had paid the dues to R. W. Church, a director of the society in charge of its business in Kansas and the recorder of the local council at Pittsburg, and that he received these payments knowing that the divorce had been granted. In support of that view appellant cites Cooley's Briefs on Insurance (vol. 2, p. 1340; vol. 7, p. 6393) to the effect that the acceptance of assessments or dues, with the knowledge that the beneficiary designated was not eligible, is a waiver of the objection. The text appears to be based upon *Benefit Association v. Blue*, 120 Ill. 121, 11 N. E. 331; *Lindsey v. W. M. A. Society*, 84 Ia. 734, 50 N. W. 29; *District Grand Lodge No. 18 v. Gardner*, 27 Ga. App. 145, 107 S. E. 774; *Howard v. Commonwealth Beneficial Asso.*, 98 N. J. L. 267, 118 Atl. 449; and *Coulson v. Flynn*, 181 N. Y. 62, 73 N. E. 507.

In each of these cases the society knew that the beneficiary named was not within the class of persons eligible as beneficiaries at the time the application was made and the certificate issued, or had later become so, and had received dues with such knowledge and was endeavoring to defeat liability in any sum and to any person. None of them involves the effect of a provision in the constitution of the society such as section 4 of article 24 in this case. Appellant also cites and relies strongly on *Snyder v. Mystic Circle*, 122 Tenn. 248, 122 S. W. 981, where the court held that the receipt of dues from a divorced wife amounted to a waiver of by-laws with respect to beneficiaries, but the facts in that case differed in two material respects from those pleaded here: (1) In that case the certificate was made payable to the named wife, or in the event of her death prior to that of the insured, to his children. Some ten years after the certificate was issued she procured a divorce from her husband. She wrote the society, advising it of that fact and asking what her rights would be under the certificate, and received a reply from the chief officer of the society that unless the insured changed the beneficiary, which he had a right to do, she would receive the payment in the event she outlived the insured and in the event future dues were paid; and, relying upon that, she paid the dues. In this case there is no pleading that the chief officers of the society knew any-

thing about the divorce, neither is it pleaded that anyone connected with the society advised her that she would receive payment of the amount of the certificate if the dues were kept up. (2) In that case there was no definite provision in the articles of incorporation, constitution, or by-laws of the society, or of the certificate, which prohibited a divorced wife from receiving the benefits of the certificate. Here there is a specific provision (section 4, article 24). In that case the court said:

"Its charter made no provision for a forfeiture of her rights as beneficiary in the event of her divorce from the assured." (p. 260.)

Hence, the case is not in point.

Naturally, the constitution of this society was prepared by its supreme senate or legislative body. There is nothing to indicate that any recorder or director of the society had any authority to waive any provisions of the constitution. Appellant was bound to know, and we take it from the pleadings she did in fact know, the provisions of the constitution which, so far as here pertinent, are that if she was divorced from her husband her rights as beneficiary terminated, and benefits under the certificate should be paid, in the absence of other designated relatives, to brothers and sisters of the insured.

Appellant cites *Filley v. Insurance Co.,* 91 Kan. 220, 137 Pac. 793, where a wife, at the time the certificate was issued, but later divorced from the insured, recovered; but that decision turned upon the form of certificate issued in that case, which contained no provision similar to the one under consideration here.

Considering all that was said on behalf of appellant, we conclude the facts pleaded here do not justify a holding that the society waived the sections of its constitution under consideration, if, indeed, it could waive them as against plaintiffs, a question which we find it unnecessary to determine. The simple fact that appellant paid dues after the divorce does not confer upon her the rights of a beneficiary in contravention of the constitution of the society. (*Modern Woodman v. Comeaux,* 79 Kan. 493, 101 Pac. 1; *Rollins v. Independent Order,* 124 Kan. 166, 257 Pac. 754.)

In cases involving provisions of the contract between the parties to the effect that the divorced spouse ceased to be a beneficiary it appears to be uniformly held that he or she cannot recover even though dues have been paid. (See *Knights of the Maccabees v.*

*Brown,* 186 Mich. 284, 152 N. W. 1085; *Modern Brotherhood of America v. Quady,* 175 Minn. 462, 221 N. W. 721; *Nitsche v. Security Benefit Assn. et al.,* 78 Mont. 532, 255 Pac. 1052; *Appleby v. Grand Lodge, Sons of Hermann,* 225 S. W. 588 [Tex. Civ. App.].)

Appellant argues the society alone can raise the question of her eligibility to receive the proceeds of the certificate, citing *Obrist v. Grand Lodge,* 123 Kan. 616, syl. ¶ 2, 256 Pac. 955. In *Coffman v. Security Benefit Association,* 131 Kan. 328, 291 Pac. 753, it was said:

"It (the rule stated in the Obrist case) is not applicable where the statute and charter of the society prescribe the classes of persons to whom benefits may be paid." (p. 332.)

And in *Slovenska Narodna Podporna Jednota v. Zupancic,* 135 Kan. 692, 694, 11 P. 2d 1026, the soundness of the rule stated so broadly in the Obrist case was questioned, and it was pointed out that care must be used in its application. In that case the society admitted liability on the certificate, and because of rival claimants to the fund filed a petition interpleading all of them, set out in general their respective claims, and asked the court to determine who was entitled to the fund, and it was held the court had jurisdiction to determine that question. In this case the society did the same thing by its answer to plaintiffs' petition. In order to be relieved from costs of litigation it was compelled under our statute (R. S. 60-418) not to take the side of either of the contestants. It lay before the court its contract—the application, certificate, charter and constitution—with the insured and his beneficiaries, and set out in general terms the contentions of the rival claimants, and asked the court to determine to whom payment should be made. This was a sufficient raising of the question of appellant's right to the fund, as it was also of plaintiffs' right thereto. The court was authorized to determine the question.

The judgment of the trial court is affirmed.

HUTCHISON, J., not sitting.