ELECTRICAL WORKERS BENEFIT ASSOCIATION, a corporation of the District of Columbia,

*vs.*

HATTIE F. DERRICKSON, Administratrix of the Estate of RICHARD R. REEDER, deceased, BEATRICE M. BURGOON, Guardian for FLORENCE REEDER, an infant, MAY KRAUSS REEDER CUMPSON, ANNA L. WRIGHT, and WILLIAM POOLE, Administrator of the Estate of Curtis V. Reeder, deceased.

*New Castle, September 18, 1941.*

*Hering, Morris, James & Hitchens,* for complainant.

*Ernest V. Keith,* for Hattie F. Derrickson, administratrix of Richard R. Reeder's estate.

*Joseph A. L. Errigo,* for Beatrice M. Burgoon, guardian for Florence Reeder, an infant, and May Krauss Reeder Cumpston, respondents.

*Howard Duane,* for Anna L. Wright, respondent.

*William Poole,* for William Poole, administrator of Curtis V. Reeder's estate.

THE VICE-CHANCELLOR: The fund paid into court is a sum which was due under a benefit certificate issued by the complainant, a fraternal benefit association. The question is whether the association waived, or is estopped to assert provisions of its by-law limiting beneficiaries to certain classes of persons, so that the respondent Anna L. Wright, who was not within those classes but was named as beneficiary in the certificate, should receive the fund against the claim of those entitled if full effect be given to the by-law.

The facts stated in the earlier opinion, cited above, will be summarized and supplemented by additional matters brought out at the final hearing. In April, 1922, Curtis V. Reeder made written application for membership in the complainant association, and for the issuance to him of a benefit certificate providing insurance on his life. As a part of the information required to be furnished with the application,

he designated the respondent Wright as the proposed beneficiary, and stated the "Relationship of Beneficiary" to be "Housekeeper". In May, 1922, Reeder wrote to one Charles P. Ford, presumably an agent of the association, as follows:

"In reply to your letter referring to the insurance beneficiary would state that Anna L. Wright is a direct dependent upon me and I would like you to so have her name put on the insurance policy. Thanking you for the information."

This letter was the only document furnished by complainant in response to an interrogatory inquiring whether any papers or documents, other than the application, were filed with the association prior to the issuance of the benefit certificate. Under a by-law of the association (quoted in the earlier opinion), a member is confined in his choice of beneficiary to persons bearing stated relationships to him, including that of a person "dependent upon the member." Anna L. Wright was employed as Reeder's housekeeper, beginning before the application was filed and continuing until his death. However, she was admittedly at no time "dependent" upon him within the meaning of the by-law, or otherwise eligible to be named a beneficiary.

In August, 1922, complainant issued to Reeder a benefit certificate in which it designated Anna L. Wright as the beneficiary, but omitted to state what relationship she bore to the member. Reeder paid and complainant accepted dues assessed under the certificate during the remainder of his life. After his death in 1927, the association instituted this interpleader suit, joining as respondents the named beneficiary as well as the intestate distributees and administrator of Reeder; and deposited in this court the sum due under the certificate.

The by-law mentioned above provides that "upon the failure of any member to name an original beneficiary" the death benefit shall be payable to the intestate distributees of the member. At the earlier stage, this was construed to mean: upon failure to name as beneficiary a person within

the classes described as eligible under the by-law. It was further held that the facts then before the court did not show a waiver by the corporation of the by-law requirements, or estoppel to assert them, and that consequently, the provision for payment to the intestate distributees was operative. Although it was then conceded that the named beneficiary was not within the eligible classes, the pleadings did not disclose that this was known to the association prior to the death of the member. It now appears that the association was at the very outset informed by the application that Anna L. Wright was Reeder's housekeeper, which status would not make her eligible as a beneficiary. It thus had notice that she was ineligible.

The association apparently attached little significance to the statement in Reeder's letter that Anna L. Wright was a "direct dependent", for it did not describe her as dependent in the certificate which it issued, but left blank the space provided specifically for a statement of the relationship of beneficiary to member. From this, it is reasonable to infer that complainant did not accept the letter as an amendment of the application, or as a representation that Anna L. Wright was dependent in any sense other than, perhaps, as any housekeeper or employee may be said to be dependent upon an employer.

Rephrasing in part the substance of the earlier opinion: where an association was not chargeable with knowledge that a proposed beneficiary was ineligible, the issuance of a certificate payable to such person and the acceptance of dues cannot reasonably be said to constitute a waiver of a by-law provision that the benefits shall be payable to others if the named beneficiary in fact be ineligible. But where, as here, the association had notice of the ineligibility, the same acts signify an intent and willingness that the person proposed should be the beneficiary notwithstanding the ineligibility. Unless such conduct be deemed a waiver of the restrictions, it would mean that this association stated in words an agree-

ment to pay benefits to a specified person but that it actually intended a by-law to operate so as to prevent any payment to her. The designation would have been wholly futile and inevitably misleading. Rather should it be concluded that the complainant association having the power to waive the requirements, did waive them; and that neither it nor anyone else may defeat the right of the named beneficiary to the sum due under the certificate. *Coulson v. Flynn,* 181 *N. Y.* 62, 73 *N. E.* 507; *Stronge v. Supreme Lodge, K. of P.,* 189 *N. Y.* 346, 82 *N. E.* 433, 12 *L. R. A., N. S.,* 1206, 121 *Am. St. Rep.* 902, 12 *Ann. Cas.* 941; *Howard v. Commonwealth Beneficial Ass'n.,* 98 *N. J. L.* 267, 118 *A.* 449; 45 *C. J. pp.* 170, 171; 19 *R. C. L. pp.* 1288, 1289.

This determination disposes of all objections asserted against the claim of the respondent Wright.

A decree accordingly will be advised.